Green, Judge,
delivered the opinion of the court:
The facts in the case are clearly and briefly stated in the findings. The case involves the construction of section 240 of the revenue act of 1918, 40 Stat. 1057, and particularly that portion thereof which reads as follows (p. 1082) :
“(b) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, * *
The plaintiff did not “ own directly or control through closely affiliated interests ” or otherwise “ substantially all the stock ” of the Perfection Company. Opitz owned twenty per cent of it and was under no obligation to sell it to the plaintiff. In fact, he did not even offer to sell it, nor did the plaintiff endeavor to buy it. True, the plaintiff managed the business of the Perfection Company and controlled its operations, but in order to come within the provisions of the statute the control must be of substantially all the stock, and we think there were reasons for this language. The Boston Structural Steel Co. case, 1 B. T. A. 1004, is not an authority to the contrary. In that case there was control of all the stock through a right to purchase at any time at a fixed price.
*239 The cases deciding what corporations are affiliated are very numerous, but no definite rule can be derived from them. In fact, they can not be entirely harmonized. The ultimate conclusion is that the decision must depend largely on the particular facts in the case under consideration.
We think the petition should be dismissed, and it is so ordered.
Sinnott, Judge; Moss, Judge; Graham, Judge; and Booth, Chief Justice, concur.