ALAMEDA INV. CO. et al. v. McLAUGHLIN,
Collector of Internal Revenue.

Circuit Court of Appeals, Ninth Circuit.
June 3, 1929.

Rehearing Denied July 15, 1929.

No. 5689.

Dana Latham and Melvin D. Wilson, both of Los Angeles, Cal., and Thornton Wilson, of Oakland, Cal. (Miller, Chevalier & Latham, of Los Angeles, Cal., and Miller & Chevalier, of Washington, D. C., of counsel), for appellants.

George J. Hatfield, U. S. Atty., and George M. Naus, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. Throughout the year 1922 the Hawley Investment Company, the Pacific Nash Motor Company, and the Alameda Investment Company were corporations organized and existing under the laws of the state of California. During that period Stuart S. Hawley owned or controlled substantially all of the capital stock of the Hawley Company; the Hawley Company owned or controlled substantially all of the capital stock of the Motor Company; and Hawley and the Hawley Company owned or controlled 73½ per cent. of the capital stock of the Alameda Company. An additional 25 per cent. of the capital stock of the Alameda Company was owned by members of the Meek family, related to Hawley by marriage. During the year in question the Hawley Company and the motor company suffered net losses aggregating in excess of $250,000, while the Alameda Company earned a net income in excess of $120,000. In March of 1923 the three corporations made separate income tax returns for the year 1922, under the Revenue Act of 1921, showing losses and gain as above indicated, and, upon the return of the Alameda Company, there was paid in taxes during the year 1923 the sum of $15,087.72. On June 11, 1924 the three corporations applied to the Commissioner of Internal Revenue for permission to file a consolidated return of income for the year 1922 pursuant to section 240 of the Revenue Act of 1921 (42 Stat. 260), which provides:

"(a) That corporations which are affiliated within the meaning of this section may, for any taxable year beginning on or after January 1, 1922, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner."

The Commissioner permitted the Hawley Company and the motor company to file a consolidated return, but denied the like privilege to the Alameda Company on the ground that it was not affiliated with the other two corporations within the meaning of the law. The present action was thereafter instituted against the collector of internal revenue to recover the taxes paid by the Alameda Company on its separate return, and, from a judgment in favor of the defendant, the plaintiffs have appealed.

It will be observed that under the Revenue Act of 1921 corporations which are affiliated within the meaning of the law may make separate returns or at their option a consolidated return under regulations prescribed by the Commissioner of Internal Revenue with the approval of the Secretary of the Treasury and the basis upon which the return is made for the year 1922 controls in succeeding years unless permission to change the basis is granted by the Commissioner. The separate and consolidated returns differ widely in form with different results to both the taxpayers and the government, and it would seem obvious that, when the taxpayers have once made their election, filed their returns, separate or consolidated, and paid their taxes, the election

is binding on all parties concerned. We have not lost sight of the fact that the complaint alleged that the separate returns were made through inadvertence and without knowledge that the taxpayers were entitled to make a consolidated return; but the allegation was denied by answer, and no proof whatever was offered in its support. Here the Alameda Company made its separate return and paid its taxes. The return was regular in form, the taxes were due the government and were lawfully collected, and the right or power of the Commissioner of Internal Revenue to thereafter impose an obligation on either the government or the collector to refund the taxes by permitting a complete change in the return would seem to admit of grave doubt, to say the least. But, if it be conceded that the Commissioner had such power in any case> he was under no legal obligation to exercise it in behalf of the appellants, and his refusal so to do is not subject to review in the courts. Regardless, therefore, of whether the appellants might have made a consolidated return in the first instance, the judgment must be affirmed. It is so ordered.