## LEVI STRAUSS REALTY CO. v. UNITED STATES.

### No. 6016.

Circuit Court of Appeals, Ninth Circuit.
May 19, 1930.

Rehearing Denied June 20, 1930.

John C. Altman and Richard S. Goldman, both of San Francisco, Cal., for appellant.

George J. Hatfield, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge.

March 15, 1922, Levi Strauss Realty Company, a corporation, filed with the collector of internal revenue at San Francisco its income and profits tax return for the calendar year 1921, reporting a net income subject to tax in the sum of $48,259.93, upon which there was assessed a tax of $4,825.99. The Commissioner of Internal Revenue reviewed and audited the return and found and determined that the net income of the taxpayer for the year in question was the sum of $48,259.93, as reported. The tax thus assessed was paid in installments during the year 1922.

March 15, 1922, Levi Strauss & Company, a corporation, filed with the collector of internal revenue at San Francisco its income and profits tax return for the calendar year 1921, reporting a net loss in the sum of $104,650.27. The Commissioner of Internal Revenue reviewed and audited this return and found and determined that the loss sustained by the taxpayer was the sum of $323,836.54, instead of $104,650.27 as claimed.

March 10, 1923, the last-named corporation filed with the collector of internal revenue its income tax return for the calendar year 1922. By this return a tax was reported in the sum of $26,266.27, which was duly assessed. When the return was filed, the taxpayer claimed as a deduction the net loss sustained during the calendar year 1921, in the sum of $104,650.27. Upon a review and audit of the return, the Commissioner of Internal Revenue found and determined that the correct tax liability of the taxpayer for the year 1922 was the sum of $1,915.87. In this determination the Commissioner allowed and deducted the total net loss for the year 1921, as determined by him in the previous

year, instead of the sum of $104,650.27, as claimed by the taxpayer. A refund was thereupon ordered in the sum of $24,350.40 and this refund was paid to the taxpayer, or applied by it on taxes due for other years. The present action was brought by the first named corporation against the United States to recover the tax paid during the year 1922 for the calendar year 1921, upon the ground that the two corporations were affiliated during that year and were required by law to file a consolidated return, and that, inasmuch as the loss sustained by one corporation exceeded the profits made by the other, neither corporation was subject to a tax. From a judgment dismissing the action, the present appeal was prosecuted.

It appears from the record that the corporations in question made separate returns for the calendar year 1921, when they were required by law to make a consolidated return, if affiliated as claimed, and that they again made separate returns for the calendar year 1922, when it was optional with them to make separate returns or a consolidated return, if affiliated as claimed. It thus appears that both corporations voluntarily made separate returns when they were required or permitted by law to make consolidated returns, if affiliated within the meaning of the law. These returns were accepted by the government and the taxes voluntarily paid thereon. Under such circumstances we doubt very much whether either corporation could thereafter maintain an action to recover the tax thus paid, on the sole ground that a different return should have been made. Alameda Investment Co. v. McLaughlin (C. C. A.) 33 F.(2d) 120. But be that as it may, in the present instance one of the so-called affiliated corporations has already received the full benefit of the loss sustained in 1921 by a deduction of that loss from its gross income in the following year, and the other corporation will not now be permitted to claim a deduction of the same loss for the purpose of extinguishing the tax paid for the calendar year 1921. It is no answer to say that the two corporations are separate and distinct and that the appellant should not be prejudiced by a deduction claimed by and allowed to the other corporation. When two corporations are affiliated because substantially all their capital stock is owned or controlled by the same interests, the law looks behind the corporate entities and permits losses suffered by one corporation to be offset against profits realized by the other; but it does not permit one corporation to deduct a loss in one year and the other corporation

to deduct the same identical loss in another year. That is exactly what is sought here.

The judgment of the court below must therefore be affirmed, without considering the question of affiliation; and it is so ordered.