*Decision will be entered under Rule 50.*

TORRINGTON CO. OF CONNECTICUT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

PURITAN MANUFACTURING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

SEWING MACHINE SUPPLIES CO. OF MASSACHUSETTS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

C. B. BARKER & CO., LTD., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LOS FABRICANTES UNIDOS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 32156, 32157, 32158, 32159, 32160. Promulgated January 31, 1931.

*William Wallace, Jr., Esq.,* for the petitioners.
*Harry Leroy Jones, Esq.,* for the respondent.

OPINION.

VAN FOSSAN: The question to be answered in this group of cases is whether the nine affiliated companies, of which five are here petitioners, made a consolidated return for the fiscal year ended June 30, 1923, pursuant to the permissive provisions of section 240 (a) of the Revenue Act of 1921, which reads as follows:

That corporations which are affiliated within the meaning of this section may, for any taxable year beginning on or after January 1, 1922, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner.

The stipulated facts show that the nine companies were admittedly affiliated and therefore entitled to take advantage of the above provision for a consolidated return. The facts further show that the officers of the Connecticut company, which entirely dominated the group, after advice, determined to file consolidated returns and filed returns which were believed to be proper consolidated returns.

On the return filed by the Connecticut company, speaking for all nine companies, that company stated:

It (Connecticut) is itself controlled by the Torrington Company, a Maine corporation, but that company is simply a holding company and has no income except from the dividends of the Connecticut Corporation * * *. A Consolidated Corporation Income and Profits Tax Return is accordingly rendered for The Torrington Company (Connecticut) and affiliated domestic corporations (enumerating its seven subsidiaries as above.)

For the five previous years in exactly this situation the respondent had consolidated the Maine company with the eight others and had determined taxes accordingly. For the taxable year, however, respondent ruled that the filing of the return by the Maine company constituted an election to file separate returns binding on all nine companies.

In *Duke Power Co.* 44 Fed. (2d) 543, the court said:

\* \* \* it was realized by Congress that while the mandatory feature of the law should be repealed, the permissive feature should be retained because instances would arise in which it would be just as unreasonable to require for tax purposes the breaking up of a business operated as a unit, though conducted through several corporations, into as many parts, as it would be for the same purpose to require an individual engaged in two or more businesses to treat each separately, and this upon the theory that unless the affiliated group as a whole earned a profit, those who own and conduct its business would realize no gain, and that the substance rather than the shadow should be the determining factor.

We are of the opinion that the returns filed by petitioner constituted a consolidated return for the entire group and that their taxes should be computed accordingly. The return made by Connecticut revealed all of the facts necessary for the computation of taxes for the entire group—the affiliation—the income and deductions—the fact that the Maine company had no taxable income, and the desire to have the taxes of the group computed on the basis of a consolidated return.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*