## COMMISSIONER OF INTERNAL REVENUE v. WALDEN KNIFE CO.

No. 79.

Circuit Court of Appeals, Second Circuit.

Dec. 7, 1931.

For the findings of fact and opinion below, see 17 B. T. A. 1236.

G. A. Youngquist, Asst. Atty. Gen., J. Louis Monarch and Morton K. Rothschild, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., for petitioner.

Frank S. Bright, H. Stanley Hinrichs, and Bright, Thompson, Hinrichs & Warren, all of Washington, D. C., for respondent.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

The corporations with which the taxpayer claims to have been successively affiliated (for convenience referred to as Simmons) owned 70 per cent. of the taxpayer's capital stock and held options to purchase the remaining 30 per cent. comprising one hundred shares owned by Andrews and five hundred shares owned by Whitehead. Andrews' option gave Simmons the right to purchase his shares at a stipulated price at any time upon de-

mand. Were the Whitehead option of the same character, the case would present the question which the parties seem to think is before us; namely, whether such an option gives the holder of it "control" of the stock within the meaning of section 240 of the Revenue Act of 1921, defining affiliation (42 Stat. 260). We may assume without decision that it does.

But the option given by Whitehead is very different. It provided that, if Simmons should elect to exercise its option, then Whitehead should have the right for thirty days thereafter to purchase from Simmons at their book value all the shares of Walden Knife Company. This cross-option in favor of Whitehead gave him as much control over all the shares as the option in favor of Simmons could give over the five hundred; indeed, it left with Whitehead the final say as to ownership of the shares. Cf. Wadhams & Co. v. United States, 67 Ct. Cl. 235. However unlikely it may be that Whitehead would have the financial means to purchase all the stock is quite as immaterial as is the fact that the business of the Walden Knife Company was, economically speaking, entirely within the control of Simmons. It has now been authoritatively determined that section 240 contemplates "a legally enforceable control." Handy & Harman v. Burnet, 47 F. (2d) 184, 186 (C. C. A. 2), affirmed by the Supreme Court November 23, 1931, 52 S. Ct. 51, 76 L. Ed. ——. Simmons did not have that kind of control of Whitehead's 25 per cent. of the taxpayer's capital stock.

Accordingly it was error to hold that the taxpayer was affiliated with Simmons, and the order of the Board of Tax Appeals must be reversed.