## RADIANT GLASS CO. v. BURNET, Commissioner of Internal Revenue.

### No. 5147.

Court of Appeals of District of Columbia.

Argued June 4, 1931.
Decided Dec. 7, 1931.

J. B. Grice, of Washington, D. C., for appellant.

Sewall Key, C. M. Charest, P. S. Crewe, and J. P. Jackson, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and HITZ and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal involving income taxes for the calendar year 1922.

Appellant is an Arkansas corporation, and, for the calendar year 1922, it made out and filed its corporate income tax return, showing no net revenue subject to assessment. However, an examination of appellant's books of account and records, made for the Commissioner of Internal Revenue in 1926, disclosed a number of errors in the return, among which was an excessive claim of deduction for depreciation in the sum of $13,338.54. As a result of this examination, the Commissioner determined a tax deficiency of $405.62, and reported this to appellant in due course.

Thereupon in June, 1926, appellant filed a petition with the Commissioner, not denying the inaccuracy of the return filed by it nor the correctness of the Commissioner's deficiency determination based upon the return, but contending by way of avoidance that in the year 1922 it was affiliated with the Times-Record Company, another Arkansas corporation, and the two companies were entitled to file a consolidated return for that year; but instead of doing so they filed separate returns, whereas a consolidated return if filed would have shown no net revenue subject to assessment. The prayer of the petition was that the taxable income and income tax of the two companies for 1922 be treated and computed as a consolidation under the Revenue Act of 1921.

Under article 632, Treasury Regulations 62, Revenue Act of 1921, affiliated corporations were obliged to file consolidated returns for the year 1921, but for the year 1922 such corporations were permitted to file either consolidated or separate returns at their election.

In the year 1921, being the year preceding that of this return, appellant and the Times-Record Company were owned by the same interests, and understood that they should file a consolidated return for that year as affiliated corporations. They filed a questionnaire with the Commissioner of Internal Revenue to secure a ruling concerning their right to make such a return. The Commissioner, acting upon a report of the affiliated section of the Bureau of Internal Revenue, ruled that the corporations were not affiliated in law, and accordingly should not file a consolidated return. The two companies thereupon filed separate returns for the year 1921.

In the following year when appellant came to make out and file its tax return for 1922, the relations of the companies remain-

ing the same, it again filed a separate return, being that now in question.

In the year 1926, the Commissioner of Internal Revenue, overruling the answer theretofore given by him to the 1921 questionnaire, permitted an amendment of the returns for 1921, to wit, the year when a consolidated return of affiliated corporations was obligatory, but refused to permit an amendment of the returns for 1922, when such corporations were entitled to file either separate or consolidated returns at their election.

The Commissioner accordingly denied appellant's petition relating to the 1922 return, and the Board of Tax Appeals sustained his decision.

We agree with the decision of the Board. When appellant came to make out and file its return for the year 1922, it was entitled, if affiliated with the Times-Record Company, to file either a separate or consolidated return. The ruling of the Commissioner upon the questionnaire in the prior year did not prevent or impair the free exercise of that right. Such a ruling does not have the force of law; nor are the courts bound by it. United States v. Hurst (D. C.) 2 F.(2d) 73. The status of appellant and the Times-Record Company was to be finally determined by the courts, and not by the Commissioner. Fidelity Nat. Bank v. Commissioner (C. C. A.) 39 F.(2d) 58, 61. Accordingly it was the right of appellant, if affiliated, to file a consolidated return if it so elected, and to appeal to the Board of Tax Appeals and to the courts for a judicial determination of its rights. Instead of taking this course, appellant filed an inaccurate separate return for 1922, and rested upon it until it was corrected by the Commissioner in 1926. Until corrected, that return reported no taxable income, and a consolidated return could have been of no greater advantage to appellant. The Commissioner was justified under these circumstances in denying appellant's petition.

The courts have uniformly held that the right of choice or election to file one or another sort of return is exercised by filing the return. Lucas v. Nat. Baseball Club (C. C. A.) 42 F.(2d) 984; Alameda Inv. Co. v. McLaughlin (C. C. A.) 33 F.(2d) 120; Levi Strauss Realty Co. v. United States (C. C. A.) 41 F.(2d) 55.

In Rose v. Grant (C. C. A.) 39 F.(2d) 340, 341, it is held that where husband and wife had made a single joint return of income, the Commissioner could decline to accept separate returns after the time for filing had expired. The court said: "The statute gives the right to the husband and wife to file either a separate or a joint return, but not to change from one to the other at any time it appears to their advantage to do so. The impossibility under such a system of determining the amount of the tax due as required by section 250 (b) of the Revenue Act of 1921 (42 Stat. 264), as well as the administrative inconvenience thereof, condemns it."

Moreover, it is held in Alameda Inv. Co. v. McLaughlin, supra, a case bearing some analogies with this, that a refusal of the Commissioner of Internal Revenue to permit corporations to file a consolidated return of income under Revenue Act of 1921, § 240 (a), 42 Stat. 260, for an income year in which separate returns had theretofore been filed, is not a breach of a legal obligation and not subject to review, irrespective of the right of such corporations to have filed a consolidated return in the first instance. This conclusion, based upon the terms of section 240 (a), supra, is manifestly correct, and is conclusive in this case.

The decision of the Board is accordingly affirmed.

Affirmed.