## WESTERN SHADE CLOTH CO. v. UNITED STATES.

No. K–546.

Court of Claims.

May 31, 1932.

864

Clarence N. Goodwin, of Washington, D. C., for plaintiff.

J. W. Hussey, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (Henry C. Clark and Herbert S. Fessenden, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

We are unable to agree with the contention of the plaintiff that a determination and computation of a tax liability by the commissioner's office and the mailing of a letter showing the results thereof constitute an assessment of the tax as that term is used in the revenue statutes for the purpose of computing the statutory period of limitation within which the commissioner may assess and collect a tax, or adjust the tax liability of a taxpayer for the purpose of allowing or rejecting claims for abatement, credit, or refund. The limitation for making assessments is suspended under certain circumstances where a proceeding is instituted before the Board of Tax Appeals, but those provisions of the statute are inapplicable to the question presented in this case. The tax sought to be recovered in this case was duly assessed and paid on or about July 16, 1919.

Long prior to the determination of the commissioner with respect to the plaintiff's profits tax, as disclosed by his letter of July 15, 1927, and the schedule of overassessment signed January 5, 1928, the commissioner had timely assessed and collected an income and profits tax of $249,715.68 for 1918. No further assessment or collection of a tax for 1918 was ever found necessary or was made by the commissioner. All that the commissioner did after the tax for 1918 had been assessed and paid was to determine whether, in his discretion, the profits tax imposed by the statute upon the consolidated net income, which tax had been assessed and paid, should be reduced through a computation of the profits tax in the manner specified in section 328 of the Revenue act of 1918.

The plaintiff had filed an application with the commissioner requesting that the profits tax for 1918 be so computed. Within the time allowed by law plaintiff filed two claims for credit with respect to the tax paid for 1918. The commissioner considered the plaintiff's application for relief under section 328, and concluded that the application should be allowed. He thereupon, on June 13, 1921, made a computation of the profits tax under section 328 which showed a profits tax of $38,641.41 and an income tax of $60,553.07 upon the net income shown in the return, or a total income and profits tax liability of $99,194.48. On that date he mailed plaintiff a notice showing this determination. On the basis of the tax so computed the overassessment was $150,521.10. This determination and computation did not constitute an assessment within the meaning of the statute. The commissioner was free to make a further determination and computation with respect to the profits tax liability under section 328 before he had made any allowance of an overassessment in the manner provided by law.

No schedule of overassessment or certificate of overassessment was ever signed or issued by the commissioner upon the basis of the computation shown in the letters of June 13, and November 8, 1921. The plaintiff had filed claims for credit and the period of limitation within which the commissioner could allow an overassessment, overpayment, or a credit was suspended. The mailing of the letter of June 13, 1921, did not constitute the allowance of an overassessment or overpayment. Martin M. Philipsborn v. United States, 53 F.(2d) 133, 72 Ct. Cl. 545. Before the commissioner had finally acted upon the claims for credit in the manner provided by the statute, the matter of the correct tax liability of the plaintiff was open for consideration and determination by him. Lewis v. Reynolds, 284 U. S. 281, 52 S. Ct. 145, 76 L. Ed. ——. Until he had taken final action with respect to the claims for credit in the manner provided in the statutes, either by rejecting or allowing the same, he was free to make as many determinations and computations of the plaintiff's correct tax liability as he deemed necessary, either under section 328 of the Revenue Act of 1918 or with respect to any other feature affecting the correct tax liability, for the purpose of determining whether there had been an overassessment or overpayment and whether any portion thereof should be credited or refunded. Oak Worsted Mills v. United States, 36 F.(2d) 529, 68 Ct. Cl. 539.

The commissioner's determination and computation of the tax liability for 1918, as disclosed in the letter of July 15, 1927, in accordance with which he issued and approved a schedule of overassessment allowing plaintiff's claims for credit in the amount of $134,907.90 instead of $150,521.10 as indicated in an earlier computation, did not constitute an assessment of a tax of $15,613.20 for 1918 after the expiration of the statutory period of limitation within which the commissioner could assess and collect the tax for 1918.

The petition must be dismissed. It is so ordered.