THE PICTORIAL REVIEW COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43995.   Promulgated June 17, 1932.

*Nelson T. Hartson, Esq.,* and *James C. Rogers, Esq.,* for the petitioner.

*T. G. Histon, Esq.,* and *T. M. Leinenkugel, Esq.,* for the respondent.

OPINION.

GOODRICH: That the filing of a separate return by a taxpayer corporation constitutes a binding election under section 240, Revenue Act of 1924, and that, in event of the filing of a separate return by one of a group of affiliated corporations, the liability of each member of the group must be determined upon a separate basis, is so firmly established by decisions of this Board and of the courts as to make citations here unnecessary. The election, once made, must be adhered to until permission to change the basis is requested and received of the Commissioner.

Petitioner contends that the filing of the separate return by The Excella Corporation for the year 1924 did not constitute an election—the exercise of the option permitted by the statute—for the reason that, in view of the construction placed upon the statute by the Commissioner as published in his regulations and rulings of his bureau, there existed grave doubt as to whether these corporations were affiliated and, therefore, it had no choice in the matter, but was forced to exclude from the consolidated return of the affiliated group the income of The Excella Corporation and to report it upon a separate return; citing *Dexter Sulphite Pulp & Paper Co.*, 23 B. T. A. 227; *Torrington Co. of Connecticut*, 21 B. T. A. 1431, and *Duplex Envelope Co.*, 21 B. T. A. 692.

Respondent, although forced to repudiate his interpretation of the statute (T. D. 4100, C.B. VI–2, p. 129; G. C. M. 8982, C.B. X–1, p. 250) which was the sole cause for the filing of the separate return by The Excella Corporation, and now admitting that The Excella Corporation and petitioner were affiliated, nevertheless maintains that an election was made by the filing of that return, and, having been made, it is binding, and petitioner can not now include the income of The Excella Corporation for the year 1924 with its own since it has neither requested nor received permission to change the basis.

The cases relied upon by petitioner may be distinguished from the case at bar. In *Duplex Envelope Co.*, *supra*, it was held that, because the company lay dormant during the year in controversy and filed no return, it was not faced with the necessity of making an election with respect to the basis upon which it should report its income until the succeeding year, when it chose to file upon the consolidated basis. In the *Torrington* case it was held that the return filed was a consolidated return. The facts concerning ownership of the several corporations were in doubt in *Dexter Sulphite Pulp &*

*Paper Co., supra*, and for that reason it was held that the filing of a separate return by one of the companies did not constitute an election for the group, since it was impossible at that time to determine the ownership of the companies, and, in turn, thus impossible to determine their affiliated status.

In the instant case, the facts concerning ownership were not in doubt. They were established and the only doubt which existed concerned the proper interpretation of the statute. Petitioner's argument that this doubt was sufficient to bar it exercising a free choice and prevent the filing of the separate return by The Excella Corporation from constituting an election under the statute, is fully answered in the decision in *Radiant Glass Co.* v. *Burnet*, 54 Fed. (2d) 718; affirming 16 B. T. A. 610, a case arising under similar provisions of the Revenue Act of 1921, wherein the court said:

When appellant came to make out and file its return for the year 1922, it was entitled, if affiliated with the Times-Record Company, to file either a separate or consolidated return. The ruling of the Commissioner upon the Questionnaire in the prior year did not prevent or impair the free exercise of that right. Such a ruling does not have the force of law, nor are the courts bound by it. *United States* v. *Hurst*, 2 F. (2d) 73. The status of appellant and the Times-Record Company was to be finally determined by the courts, and not by the commissioner. *Fidelity Nat. Bank* v. *Commissioner*, 39 F. (2d) 58, 61. Accordingly it was the right of appellant if affiliated to file a consolidated return if it so elected, and to appeal to the Board of Tax Appeals and to the courts for a judicial determination of its rights. * * *

The courts have uniformly held that the right of choice or election to file one or another sort of return is exercised by filing the return. *Lucas* v. *Nat. Baseball Club*, 42 F. (2d) 984; *Alameda Inv. Co.* v. *McLaughlin*, 33 F. (2d) 120; *Levi Strauss Realty Co.* v. *United States*, 41 F. (2d) 55.

\*          \*          \*          \*          \*          \*          \*

Moreover, it is held in *Alameda Inv. Co.* v. *McLaughlin, supra*, a case bearing some analogies with this, that a refusal of the Commissioner of Internal Revenue to permit corporations to file a consolidated return of income under Revenue Act of 1921, sec. 240 (a), 42 Stat. 260, for an income year in which separate returns had theretofore been filed, is not a breach of a legal obligation and not subject to review, irrespective of the right of such corporations to have filed a consolidated return in the first instance. This conclusion, based upon the terms of section 240 (a), *supra*, is manifestly correct, and is conclusive in this case.

The inequities of this case are apparent, but in applying the taxing statutes we can not always do equity, and we are constrained to hold that respondent did not err in refusing to determine petitioner's liability for the year 1924 upon a basis of consolidation, affiliating petitioner with The Excella Corporation.

With respect to the second issue, we have previously held that where bonds are issued by a corporation at a discount, the net amount of such discount is deductible and should be prorated over the life

of the bonds in determining net income. *Chicago, Rock Island & Pacific Ry. Co.*, 13 B. T. A. 988; *Kansas City, Southern Ry. Co.*, 16 B. T. A. 665; *Terminal Ry. Association of St. Louis*, 17 B. T. A. 1135. In accordance therewith the amount of $17,062.52, being the proper proportion of said discount applicable to the year 1924, should be deducted from petitioner's income for that year. We sustain respondent's action in disallowing as a deduction the sum of $464.13 which was charged off in excess of $17,062.52. Beyond the statement that this difference represents bond premiums of some sort, the record is silent with respect thereto.

We hold petitioner entitled to a total deduction from income for the year 1924 in the amount of $4,158 on account of Federal capital-stock tax accrued for the period ended June 30, 1925. That tax is a special excise tax, levied by section 700 (a) (1) of the Revenue Act of 1924. Special taxes are payable in advance (see section 3173, U. S. R. S.) and so accrue, become due and are payable as of the first day of the taxable period—in this case July 1, 1924. The fact that the exact amount of petitioner's liability therefor was not determined until after the close of the taxable period is not controlling. The full amount of such liability is a proper deduction for the year 1924, petitioner keeping its accounts and making its returns on the accrual basis. See *Borden Mfg. Co.*, 6 B. T. A. 276; *Kossar & Co.*, 16 B. T. A. 952; *Brooklyn Union Gas Co.*, 22 B. T. A. 507.

*Judgment will be entered under Rule 50.*