## OMAHA BAUM IRON STORE, Inc., v. UNITED STATES.

### No. L–482.

Court of Claims.

Nov. 5, 1934.

Thaddeus G. Benton, of Washington, D. C., for plaintiff.

John A. Rees, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen. (Elizabeth B. Davis, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

The facts of record are insufficient to warrant the conclusion that plaintiff was affiliated with all or any of the five corporations under the rule announced in Handy & Harman v. Burnet, 284 U. S. 136, 52 S. Ct. 51, 76 L. Ed. 207, and Pokorny Estate v. United States, 59 F.(2d) 236, 75 Ct. Cl. 459. An examination of the stockholdings, which we have deemed unnecessary to set forth in detail in the findings but which fully appear in the record, shows that the same interests did not hold substantially all the stock of each of the corporations claimed to have been affiliated with the plaintiff and that the holdings were not the same in the several corporations as required by the law and Treasury Regulations, art. 643, Regs. 45. See, also, Peytona Lumber Co. v. Commissioner (C. C. A.) 55 F.(2d) 27, 85 A. L. R. 148; Wadhams & Co. v. United States, 67 Ct. Cl. 235; Madera Yosemite Big Tree Auto Co. & Yosemite Stage & Turnpike Co. v. United States, 49 F.(2d) 672, 72 Ct. Cl. 171, and United States v. Cleveland, P. & E. R. Co., Inc. (C. C. A.) 42 F.(2d) 413.

Plaintiff further contends that the determination of the Commissioner for 1920, in which he first reached the conclusion that it

and the other corporations were affiliated, was final and conclusive and not subject to review by the court, and that inasmuch as that determination showed an overassessment of $5,239.70 for 1920 which the Commissioner refused to refund on a different ground the court should render judgment in favor of plaintiff for that amount. With this we cannot agree. It is the duty of the Commissioner of Internal Revenue correctly to determine the tax liability of each taxpayer whose case is before him for consideration, and he has authority under the statute to make more than one determination so long as he acts within the limitation period provided in the statute. He may therefore reconsider a case and change his determination or reassess and collect a tax erroneously refunded or institute suit for that purpose. Talcott v. United States (C. C. A.) 23 F.(2d) 897; McIlhenny et al. v. Commissioner (C. C. A.) 39 F.(2d) 356; Radiant Glass Co. v. Burnet, 60 App. D. C. 351, 54 F.(2d) 718; Appeal of Covert Gear Co., Inc., 4 B. T. A. 1025; Couzens v. Commissioner, 11 B. T. A. 1040; Oak Worsted Mills v. United States, 36 F.(2d) 529, 68 Ct. Cl. 539; Western Shade Cloth Co. v. United States, 58 F.(2d) 863, 75 Ct. Cl. 165; and Burnet v. Porter et al., 283 U. S. 230, 51 S. Ct. 416, 75 L. Ed. 996. In a suit or counterclaim to recover an alleged erroneous refund the government would have the burden of proof, but as a general rule we know of no legal principle that would preclude recovery upon proper proof.

With respect to 1919, in which plaintiff seeks to recover $7,184.04 on the ground of affiliation, it appears that the Commissioner did not determine or compute the net income, invested capital, or the tax of the plaintiff or any of the other alleged affiliated corporations upon a consolidated or affiliated basis. In view of our conclusion that the corporations were not affiliated either for 1919 or 1920, no recovery can be had of the amount claimed for 1919.

Plaintiff finally contends that there was an account stated for $5,239.70, overassessment for 1920, shown in the certificate of overassessment delivered to it. This contention may be answered by pointing out that the Commissioner never allowed the overassessment indicated in his letter of November 24, 1928, and set forth in the certificate of overassessment, which certificate showed an allowance of only $187.13. On the contrary, both his letter and the certificate of overassessment showed the amount of $5,239.70 as

not being allowable. There was therefore no agreement that this amount was due, and in the circumstances of this case there was no promise, expressed or implied, to pay.

The petition must be dismissed, and it is so ordered.