## DETROIT GEAR & MACHINE CO. v. HELVERING, Commissioner of Internal Revenue.

### No. 6240.

United States Court of Appeals for the District of Columbia.

Argued Dec. 5, 1934.

Decided Jan. 14, 1935.

C. Clifton Owens, of Washington, D. C., for petitioner.

Frank J. Wideman, Assistant Attorney General, and Robert H. Jackson, Sewall Key, and Ellis N. Slack, all of Washington, D. C., for respondent.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

Petitioner is a Michigan corporation whose principal business is the manufacture and sale of automobile parts and transmissions.

Some time prior to January 1, 1927, its general manager procured a license agreement with the owner of a patent, and in 1926 he and his associates caused two new corporations to be organized under the laws of Michigan for the purpose of exploiting the patent. The name of one was Norge Corporation and the other Refrigeration Products Company. Norge Corporation immediately after its organization acquired all the common capital stock of petitioner and three-quarters of the capital stock of Refrigeration Products Company. The remaining quarter of stock of the latter company was issued to petitioner. These stock holdings remained the same continuously during the period from January 12, 1927, to and through September 30, 1928.

Prior to the taxable year 1927 petitioner had filed its income tax returns on the basis of the calendar year. During 1927 it obtained permission from the Commissioner to report its income on the basis of a fiscal year ending September 30th.

Norge Corporation, immediately upon its organization, adopted the fiscal year ending September 30th as its annual accounting period.

Refrigeration Products Company, in order to keep its financial affairs distinct from the other corporations, adopted the calendar year. Norge Corporation and petitioner filed consolidated income tax returns for the fiscal period ended September 30, 1927, and for the fiscal year ended September 30, 1928. Refrigeration Company filed separate tax returns for the calendar years 1927 and 1928. The Commissioner determined that during the entire taxable years 1927 and 1928 all three corporations were affiliated within the meaning of section 240 of the Revenue Act of 1926 (26 USCA § 993), and section 142 of the Revenue Act of 1928 (26 USCA § 2142), and the Commissioner further determined that, because Refrigeration Company had elected to file a separate return for the year 1927 and had not been granted by him permission to change its basis for the year 1928, the income tax liability of all

three corporations must be determined on the basis of the separate incomes of each company.

On being notified of this decision, petitioner, Norge Corporation, and Refrigeration Company requested the Commissioner to consolidate the incomes of the three companies for the years involved. This request was denied.

The Board of Tax Appeals sustained the Commissioner's determination, and petitioner appealed to this court. Petitioner contends that the circumstances—which we shall a little later notice in detail—under which a separate return was filed by Refrigeration Company were such as not to constitute an election by petitioner to have its tax liability determined upon a separate basis.

The Revenue Act of 1926 and the Revenue Act of 1928 both provide that corporations affiliated within the meaning of sections 240 (a) and 142 (a) of those acts respectively, 26 USCA §§ 993 (a), 2142 (a), may "make separate returns or * * * make a consolidated return of net income" for income tax purposes. Section 142 (a) of the Revenue Act of 1928 (26 USCA § 2142 (a) provides that, if the return for the taxable year 1927 was made upon either of such bases, the return for 1928 shall be upon the same basis unless permission to change the basis is granted by the Commissioner. Therefore the return for the fiscal year ended September 30, 1928, must be on the same basis as that filed for the fiscal period, January 1, 1927, to September 30, 1927, since admittedly no permission to change the basis was granted by the Commissioner. For that reason we confine our discussion to the latter period, since the decision as to that period is determinative of the whole controversy.

It is conceded that the right of election to file one or another sort of return, which the statute gives, is exercised by filing the return. Radiant Glass Co. v. Burnet, Commissioner, 60 App. D. C. 351, 54 F.(2d) 718. Petitioner, however, contends that the facts in this case are such as to remove it and its affiliates from the operation of the rule. Briefly stated, the ground on which it seeks to escape is that at the expiration of its 1927 fiscal period, Refrigeration Company was not affiliated with it and Norge Corporation so as to entitle the former to join it and Norge in a consolidated return. The basis of this contention is article 633 of Regulations 69 of the Treasury Department, then in effect and which construed the words of section 240 (c), Revenue Act 1926, 26 USCA § 993 (c), "the same interests," to apply only when the percentage of stock held by each stockholder in two or more corporations is substantially the same in each of the corporations. As it happens here, Norge Corporation owned 100 per centum of petitioner's capital stock and 75 per centum of Refrigeration Company's stock, and petitioner owned 25 per centum of Refrigeration Company's stock. Hence, as petitioner points out, the three corporations were not owned by the same interests in substantially the same proportion.

The Commissioner concedes that as of September 30, 1927, this was true, but says that on November 12, 1927, more than two months before petitioner's return was filed, Treasury Decision 4100 was promulgated, amending article 633 so as to permit the filing of a consolidated return in a case of affiliation such as the one under consideration.[1]

We have no difficulty in reaching the conclusion that, at the time petitioner filed its return, namely, the middle of January 1928, and for more than two months prior to that time, there was nothing to hinder or prevent the filing of a consolidated return on behalf of all three corporations. And this is true, because at the time mentioned the affiliated status of the three corporations was precisely in the language of the statute. This accordingly brings us to a discussion of the question, whether, by reason of the modification of the Commissioner's regulation, petitioner and/or its parent, Norge Corporation, were misled so that the filing by Refrigeration Company of a separate return at the instance of the parent, cannot be said to be such an election to be taxed separately as to make that election binding on the affiliated group. If the circumstances of the filing of the return by the parent corporation, which included petitioner, or the filing of the return by Refrigeration Company, showed clearly that these returns were filed under the mistaken belief that the regulation was unchanged and hence that a consolidated return, including all three corpo-

---

[1] Article 633 of * * * Regulations 69 is hereby amended by omitting from * * * said article the last sentence thereof, having to do with the definition of the words "the same interests."

rations, was not permissible under the statute and regulations, we should be loath to say that the course pursued was binding or exhausted the option which the statute gives; and we say this, as we have said it before, on the ground that, where there is a complete reversal of policy on the part of the Treasury Department and scant opportunity of notice to those affected, it would be both arbitrary and unreasonable to deprive the taxpayer of rights given him by the Revenue Acts or to hold him, as in this case, to an election made without knowledge of his rights. In saying this, we do not mean to intimate that the taxpayer is not bound by his misinterpretation or misconstruction of the law, or that he should be relieved because of his failure to know the law, but we are speaking entirely to the matter of an election between two inconsistent rights, either of which may be availed of by the taxpayer under the tax laws. In such a case knowledge, actual or imputed, is essential to constitute an election. If, therefore, by an inspection of this record we could say that when in January, 1928, petitioner and Norge Corporation filed a consolidated return, omitting Refrigeration Company therefrom, Norge Corporation was not advised of the Commissioner's last-minute bulletin annulling a long-standing interpretation of the applicable statute in relation to consolidated incomes, and instead acted in the mistaken belief that the old regulation was in effect, we should unhesitatingly hold there was no binding election and that the subsequent application of the parent corporation, made when apprised of the new regulation, ought to be granted. But that is not this case. The record, as we read it, clearly and convincingly shows that the course of action pursued here by the dominant corporation (Norge) was deliberate and unaffected by the changed regulations. In its return, it attached thereto a schedule showing the stock ownership of the three corporations, and said:

"The Norge Corporation has chosen September 30th as the close of its fiscal year and has elected to file a consolidated return with the Detroit Gear and Machine Company (petitioner). The Detroit Gear and Machine Company has secured permission from the Commissioner to change its closing date from December 31st to September 30th, a copy of such letter being attached hereto.

"The Norge Corporation has elected not to consolidate the operations of Refrigeration Products Company."

This declaration is consistent only with the conclusion that Norge Corporation considered it had the right to make one election for itself and one of its affiliates and a different election for the other, and is inconsistent with the position on this appeal that Refrigeration Company, by reason of the Commissioner's regulation, had no option, but was required to file a separate return. In the agreed statement of facts, no effort is made to explain or modify the language used in the communication, nor to show that in filing the returns it relied on anything else than its own interpretation of the statute. That petitioner and its associate corporations misconceived the extent of the right conferred by the statute, and believed it to embrace the right to consolidate as to part only can avail them nothing on this appeal, for there is now no longer any question that there are, in the circumstances we are concerned with, only two methods of returning income for taxation. The parent and each of its affiliates may file separate returns, or all three a consolidated return; but two cannot file a consolidated return and one a separate return. Duke Power Co. v. Commissioner (C. C. A.) 44 F.(2d) 543.[2] The duty of each to make a return was in no respect lessened by the option in section 240 of the act. That section merely extended an election which, when availed of, would impose the tax on the combined, rather than the separate, incomes. When Congress, shortly after the war, said that affiliated companies such as these might file separate returns or might file a consolidated return, it did no more than restore the right and duty of corporations as these existed prior to the War Act (1918 [40 Stat. 1081, § 240]), but with an option to adopt the method previously made mandatory by the War Act. In other words, it permitted a return to the rule obtaining before 1918, under which each and every corporation retained its corporate identity for taxation, but at the same time extended a right, at the election of affiliated companies, to a consolidation of income as an alternative; thus in such cases recognizing and giving effect to the business entity as distinguished from the corporate entity. Duke Power Co. v. Commissioner, supra. In this view, when the Commissioner re-

---

[2] The law was changed in 1928 by making the election to file a consolidated return depend upon the consent of all the affiliated corporations. Section 141 (a), Revenue Act 1928, 26 USCA § 2141 (a).

ccived the returns of petitioner and of Norge Corporation, with the written declaration by Norge Corporation that it had elected to consolidate its return with petitioner, but had elected not to consolidate its return with Refrigeration Company, his plain duty was to declare, as he did declare, that the option given by the statute to file consolidated returns had not been availed of. This, in turn, made it his duty to declare the purported consolidation of only two of the affiliates of no effect and to treat that return as the separate returns of the two corporations. That is what he did, and, as we think the record fails to show any circumstances whereby we may say that petitioner was misled, we must affirm.

Affirmed.