603 P.2d 328

**GETTY OIL COMPANY, a corporation, Appellant,**

v.

**TAXATION AND REVENUE DEPARTMENT of the State of New Mexico, Appellee.**

**No. 3723.**

Court of Appeals of New Mexico.

Oct. 18, 1979.

Norman S. Thayer, Jr., Franklin Jones, Sutin, Thayer & Browne, Albuquerque, for appellant.

Jeff Bingaman, Atty. Gen., Richard M. Kopel, Sp. Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

HERNANDEZ, Judge.

This is an appeal from the Decision and Order of the Revenue Division of the Taxation and Revenue Department (Department) denying Getty Oil Company's (Getty) requested abatement of part of its state income taxes assessed for the calendar years 1972, 1973, and 1974.

Getty is an international company engaged in oil and gas exploration and production, and is also the parent company of a number of wholly-owned subsidiary companies. For the three years in question, Getty and its eligible subsidiaries filed consolidated federal income tax returns. However, for the same three years, Getty elected to file its state income tax returns as a separate corporate entity (excluding its subsidiaries), allocating and apportioning its taxable income pursuant to the Uniform Division of Income for Tax Purposes Act, Sections 7–4–1 to 7–4–21, N.M.S.A.1978. The Department audited the returns and issued an assessment for additional income tax and interest.

Getty raised only one issue at the administrative hearing. It argued that the Department should have audited and assessed its income taxes for the years in question on the basis of the consolidated income reported by Getty in its federal income tax returns, and not on the basis of the separate returns which it had filed. Getty claims that it erred when it filed the separate returns because, having elected to allocate and apportion under the Uniform Division of Income for Tax Purposes Act, *supra*, it was obligated to file its state tax returns on the same basis as its federal tax returns. In support of this contention, Getty argues that the state income tax is levied on "net income" which is defined in Section 7–2–2(T), N.M.S.A.1978 as adjusted "base income." "Base income" is defined by Section 7–2–2(S), N.M.S.A.1978, as follows: "S. 'base income' means that part of the taxpayer's income generally defined as federal taxable income and upon which the federal income tax is calculated."

The Department argues that once Getty elected to file separate entity returns rather than consolidated returns, it cannot decide retroactively to switch to reporting on a consolidated basis. In addition, it contends that "base income" as defined in Section 7–2–2(S) will only coincide with "federal taxable income and upon which the federal income tax is calculated" when the reporting entities are the same.

The pertinent parts of the Decision and Order of the Director of the Department are the following:

"5. The New Mexico Income Tax Act makes no specific reference to consolidated reports. The Act defines a 'person' to include a corporation. (Sec. 72–15A–2(E)); and a taxpayer is defined as an

individual or a corporation (Sec. 72–15A–2(L)). A literal reading of these provisions would lead one to believe that each separate corporate entity is subject to tax to the extent provided in § 72–15B–3.

6. A federal consolidated income tax return is a return of a consolidated group of corporations (Treasury Regulations § 1.1502–2 and 6). When the parent corporation files a consolidated return in the name of the parent and affiliates, it is the return of all of the corporations in the group. The parent is merely acting as the agent for all subsidiaries in the consolidated return. T.R. § 1502.77.

\* \* \* \* \* \*

11. The Bureau had—and apparently still has—a policy which permits corporate taxpayers to elect to file a New Mexico consolidated tax return if the taxpayer files a Federal consolidated tax return. A retroactive election is not permitted. This taxpayer has not elected to file New Mexico consolidated returns. It has not filed amended tax returns on a consolidated basis and it is not requesting leave to file amended returns.

12. This taxpayer had a right to elect to file consolidated New Mexico returns. However, it elected to file return [sic] on a separate corporate entity basis. It never has made an election to file returns on a consolidated basis. Under these circumstances, the Bureau was justified in refusing to recompute tax on a consolidated basis. *Cf. Radiant Glass Co. v. Burnet,* 54 F.2d 718 (1931).

\* \* \* \* \* \*

15. The Taxpayer's contentions that its tax liability for the three years must be computed on a consolidated basis are rejected and denied. On the only issue presented in this case, the position of the Bureau is sustained. The Taxpayer is liable for the corrected tax reflected in Exhibits 16 and 6."

We note that Getty did not seek to amend its return in the proceeding below and disavows any intention to do so here. We therefore do not consider that this is a question we are obliged to answer in spite of the fact that the Director in his Decision and Order elected to do so.

■ This matter then resolves itself into the following question: Was Getty obligated to file its State income tax return on the same basis as its Federal return? It is our opinion that the Decision and Order of the Director of the Department was correct when he held that Getty was not obligated to do so and that the audit and assessment on the basis that Getty did file was correct.

The only statutory provisions relating to the form in which a taxpayer must file his tax return are the following:

Section 7–1–13(B) and (C), N.M.S.A.1978 of the Tax Administration Act provides:

"B. Every taxpayer shall, on or before the date on which payment of any tax is due, complete and *file a return thereof in form prescribed and according to the regulations issued by the director.* An income tax return showing an amount withheld in excess of the income tax due shall also be treated as a claim for refund under the provisions of Section 7–1–26 NMSA 1978.

C. If any adjustment is made in the basis for computation of any federal tax, the taxpayer affected shall within thirty days file an amended return with the division. Payment of any additional tax due shall accompany the return." [Emphasis added.]

Section 7–2–12, N.M.S.A.1978 of the Income Tax Act provides:

"Every resident of this state and each person deriving income from any business transaction, property or employment within this state and not exempt from tax under the Income Tax Act, who is required by the laws of the United States to file a federal income tax return, *must file a complete tax return in form and content as prescribed by the commissioner.* Persons other than corporations shall file such returns with the bureau of revenue on or before the fifteenth day of the fourth month following the end of each taxable year. Corporations shall file such returns with the bureau of revenue on or

before the fifteenth day of the third month following the end of each taxable year. The tax imposed on individuals under this Income Tax Act is due and payment is required on or before the fifteenth day of the fourth month following the end of the taxable year. The tax imposed on corporations under this Income Tax Act is due and payment is required on or before the fifteenth day of the third month following the end of the taxable year." [Emphasis added.]

As can be seen, the matter of the form of returns is left to the discretion of the Director or Commissioner.

Also, as can be seen from these sections and § 7–2–2(S) *supra*, New Mexico has, as have many other states, linked the income tax reporting provisions to those of the federal government. This is done for the convenience of the taxpayer, as a savings to the State, and to provide the State with a means of verifying the accuracy and honesty of a taxpayer's return.

With this in mind, we look to the meaning of the phrase "federal taxable income and upon which the federal income tax is calculated" as contained in § 7–2–2(S), *supra*.

As the Director noted in paragraph 6 of his Decision and Order, federal regulations permit the filing of consolidated returns. And we find the following in 8A Mertens, *Law of Federal Income Taxation*, § 46.01 (1978 revision):

"A consolidated return is an income tax return which reports the income and deductions of a parent corporation and its subsidiaries. The actual return form used is the regular Form 1120 used by corporations generally.

Although the word 'consolidated' might be considered as implying that each item of income and deduction for all the corporations included in the return is computed on a combined basis, nevertheless, as the principles governing consolidated returns have developed, this concept has been rejected. Instead, for most items *there are separate computations for each corporate entity, the taxable incomes so computed* then being combined to arrive at consolidated taxable income. Actual 'consolidation' is limited to certain specified items which are aggregated for all the members of the group of corporations included in the return and to the elimination of most transactions occurring within the group.

Consolidated returns were originally instituted as an administrative measure (without explicit statutory authorization) to prevent avoidance of excess profits taxes by manipulations among taxpaying entities owned by the same interests." [Emphasis added.]

Mr. Charles W. Giles, Tax Manager of Getty's Houston Office, testified in part as follows:

Q. In preparing the separate corporate entity return to file with the State of New Mexico, then, were the entries in that return hypothetical entries?

A. Well, the entries on the Getty Oil Company parent return are the same as the entries that went into the consolidated return for just Getty Oil Company by itself.

\* \* \* \* \* \*

Q. Well, let me clear that up. Is it correct to say that the portion of the federal consolidated return that covered Getty Oil Company as a separate entity contained the same figures as the separate entity return you filed with the State of New Mexico?

A. Yes.

Therefore, one could determine what the "federal taxable income" of Getty was by examining its federal consolidated return.

■ Getty argues that since the state income tax forms prescribed by the Director instruct the taxpayer to report "Federal taxable income as shown on Federal Form 1120, Line 30 or if separate accounting is used, attach schedule," the amount entered on that line is the amount "upon which the federal income tax is calculated." We do not believe that this instruction compels

this conclusion. The record reveals that the majority of corporations filing New Mexico returns file on a separate entity basis. We assume that this is so because the majority have no subsidiary corporations. We also assume the Director adopted this form because it fits the situation of the majority. It is our opinion that had the Director intended this conclusion, he would have so stated in explicit terms. It is our further opinion that the phrase "federal taxable income and upon which the federal income tax is calculated" is unambiguous and self-explanatory. And, in instances such as this, no matter where the "federal taxable income" of the entity reporting in New Mexico might be found in its consolidated federal return, that figure is the one intended to be shown on the New Mexico return as its base income.

Summarizing: There is no issue concerning allocation and apportionment under UDITPA, Getty Oil Company allocated and apportioned its income on *its* tax return. Getty Oil Company claims that *its* tax return was in error, that *its* tax return should have been a consolidated return, which included its subsidiaries. Such an error has not been established. What has been established is that a consolidated return is permitted, not required. What has also been established is that Getty Oil Company's return was also a permitted return under the New Mexico statutes. In an attempt to show error, Getty Oil Company claims that its base income should have been the income shown on the consolidated return to the federal government, but the consolidated return was a different reporting group. The federal return included subsidiaries not included in the New Mexico return. The facts show that the assessment was based on the income of Getty Oil Company reported on the federal return. Thus, there was no violation of § 7–2–2(S), supra.

We affirm the Order and Decision of the Director.

IT IS SO ORDERED.

WOOD, C. J., and WALTERS, J., concur.