## BUTTOLPH v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Seventh Circuit. November 28, 1928.

No. 4028.

Frank H. T. Potter, of Chicago, Ill., for petitioner.

Morton P. Fisher, of Baltimore, Md., for respondent.

Before ALSCHULER, EVAN A. EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge. In March, 1923, petitioner filed a joint federal income tax return for himself and his wife for the taxable year 1922, and paid the tax as re-

turned. About a year thereafter he filed purported amended tax returns for same year, separately for himself and wife, with a view of recovering the excess of the tax as computed on the joint return over the tax payable on the basis of the separate returns.

The Commissioner declined to permit the substitution of the amended returns, and on appeal to the Board of Tax Appeals the Commissioner's action was sustained. This proceeding challenges the ruling of the Board of Tax Appeals.

Under section 223 of the Revenue Act of 1918 (40 Stat. 1074), the Commissioner had been accepting such joint returns and computing the tax on the basis thereof, although it appears that doubt was entertained as to the right, under the statute, to predicate the tax upon such joint returns. It was the practice, also, to permit the filing of amended returns, changing joint to separate and separate to joint returns. Indeed, at the same time that the separate returns here in question were tendered, there were also tendered by the same taxpayer similar amended returns for the years he had made joint returns under the 1918 act, and these substitutions were allowed. The assigned reason in each case for failure to file the separate returns was that the taxpayer did not know the law permitted the filing of separate returns for husband and wife.

The language of the Revenue Act of 1918 is:

"If a husband and wife living together have an aggregate net income of $2,000 or over, each shall make such a return unless the income of each is included in a single joint return."

The Revenue Act of 1921 is, in this respect, somewhat different, at least in form, the applicable language being:

"If a husband and wife living together have an aggregate net income for the taxable year of $2,000 or over, or an aggregate gross income for such year of $5,000 or over—

"(1) Each shall make such a return, or—

"(2) The income of each shall be included in a single joint return, in which case the tax shall be computed on the aggregate income."

42 Stat. 250.

After the passage of the 1921 act, there was published by the Commissioner, June 26, 1922, income tax ruling No. 1372, which is:

"Where husband and wife for 1921, or a subsequent year, have elected to file a joint return or separate returns, they may not, after the filing of such return, file amended returns on the other basis."

This ruling was subsequently modified somewhat, but in no way affecting returns filed for the taxable year 1922 and subsequently.

No reason appears to us why the making of such a ruling was not fairly within the powers of the Commissioner. It deprives no taxpayer of the right to file an amended return to correct errors properly subject to correction. It is in complete harmony with the statute to which it applied.

Ignorance of the taxpayer of his right to elect between filing joint and separate returns does not, in our judgment, bring him, as a matter of right, within the scope of section 1316 of the Revenue Act of 1918, reenacted as section 1315 of the 1921 act, which is:

"The Commissioner of Internal Revenue, subject to regulations prescribed by the Secretary of the Treasury, is authorized to remit, refund, and pay back all taxes erroneously or illegally assessed or collected, all penalties collected without authority, and all taxes that appear to be unjustly assessed or excessive in amount, or in any manner wrongfully collected," etc. 26 USCA § 149.

A controversy similar to this was adjudicated in Grant v. Rose, 24 F.(2d) 115, and the District Court held that the statutory right of choice (between joint and separate returns) is exhausted on the expiration of the time for filing returns. See, also, Alameda Investment Co. v. McLaughlin (D. C.) 28 F.(2d) 81.

Such, also, has been the repeated holding by the Commissioner and the Board of Tax Appeals, and yet, with these rulings of the Commissioner and of the Board of Tax Appeals applicable to the right to thus amend under section 223, the section was re-enacted in the acts of 1924 and 1928. 26 USCA §§ 964, 205.1.

Such re-enactment of a statute, after practical construction—not plainly erroneous—and specific operation under it, may presumably be construed to embody such construction as a satisfactory interpretation of the legislative intent. New York, New Haven & Hartford R. Co. v. Interstate Commerce Commission, 200 U. S. 361, 401, 26 S. Ct. 272, 50 L. Ed. 515; Copper Queen Mining Co. v. Territorial Board of Arizona, 206 U. S. 474, 479, 27 S. Ct. 695, 51 L. Ed. 1143.

The order of the Board of Tax Appeals is affirmed.