**ROSE, Collector of Internal Revenue, v. GRANT et al.**

No. 5756.

Circuit Court of Appeals, Fifth Circuit.

March 19, 1930.

Clint W. Hager, U. S. Atty., and C. P. Goree, Asst. U. S. Atty., both of Atlanta, Ga. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and T. H. Lewis, Jr., Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for appellant and cross-appellee.

John M. Slaton and I. S. Hopkins, both of Atlanta, Ga., and Richard H. Wilmer, of

Washington, D. C., for appellees and cross-appellants.

Before BRYAN and FOSTER, Circuit Judges, and HOLMES, District Judge.

HOLMES, District Judge.

This is a suit to recover for income taxes exacted for the year 1923, and alleged to be excessive. The court below found for the plaintiffs for an amount less than claimed by them, and from the judgment so entered both parties have appealed.

Two questions are involved.

The first, whether the plaintiff, John W. Grant, is entitled to a deduction of a reasonable allowance for exhaustion, wear, and tear, including obsolescence, on certain property held by him as tenant for life, is disposed of in the case of Rose v. Grant (C. C. A.) 39 F. (2d) 338 this day decided.

The second is whether the plaintiffs, husband and wife, are entitled as a matter of right to have their income tax computed on the separate returns filed by them after they had filed and the tax had been computed upon a joint return.

Section 223 of the Revenue Act of 1921 (42 Stat. 250) provides:

"(b) If a husband and wife living together have an aggregate net income for the taxable year of $2,000 or over, or an aggregate gross income for such year of $5,000 or over—

"(1) Each shall make such a return, or

"(2) The income of each shall be included in a single joint return, in which case the tax shall be computed on the aggregate income."

Section 227 of said act (42 Stat. 251) requires the husband and wife to file either their separate or joint return on or before the 15th day of the third month following the close of the fiscal year, or, if the return was made on the basis of the calendar year, then on or before the 15th day of March.

The Commissioner's ruling, promulgated June 26, 1922, reads as follows: "Where husband and wife for 1921, or a subsequent year, have elected to file a joint return or separate returns, they may not, after the filing of such return, file amended returns on the other basis."

The appellees in this case complied with said section 227 by filing their joint return on or before the 15th day of March. On December 15th following, without having been granted any extension of time or permission so to do, they filed or attempted to file separate returns, which the Commissioner refused to accept. They insisted in the court below that their income tax be computed upon their separate returns, which was less than the amount due upon the joint return, and demanded judgment for the difference, which was denied.

The husband and wife having made a single joint return within the time prescribed by law, the Commissioner was fully justified in declining to accept the separate returns made contrary to the ruling above quoted and long after the time prescribed by the statute.

The statute gives the right to the husband and wife to file either a separate or a joint return, but not to change from one to the other at any time it appears to their advantage to do so. The impossibility under such a system of determining the amount of the tax due as required by section 250(b) of the Revenue Act of 1921 (42 Stat. 264), as well as the administrative inconvenience thereof, condemns it.

The judgment of the court below is affirmed, both on appeal and cross-appeal.