## MORRIS v. COMMISSIONER OF INTERNAL REVENUE.

### No. 224.

Circuit Court of Appeals, Second Circuit.
April 7, 1930.

Sanford Robinson, of New York City, for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Morton Poe Fisher, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Prew Savoy, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

PER CURIAM.

On March 15, 1923, the petitioner filed his income tax return for the calendar year 1922, and, in answer to a question therein, said it was a joint return of husband and wife. In this record he claimed a net loss to his wife amounting to $711.63, and took it as a deduction against the ordinary net income of the petitioner. Upon examination by the revenue agent, this loss was converted into a capital net loss of $3,829.73; the ordinary net income amounted to $3,118.09. He offset the wife's loss from the sale of securities held more than two years against the petitioner's capital gain and added $3,118.09 to the petitioner's ordinary net income, thus subjecting this amount to a surtax in the top brackets and increasing the tax $1,071.47 over and above what it would be if his wife's net loss of $711.63 had not been included in the return. This action of the agent was approved by the respondent. On May 17, 1926, the petitioner and his wife requested leave to file separate amended returns for the calendar year 1922, but this was denied them. The Board of Tax Appeals sustained the Commissioner in refusing to permit separate returns and refused to compute the tax upon the basis of separate returns.

Section 223(b) of the Revenue Act of 1921 (42 Stat. 227, 250) provides that, if a husband and wife living together have an aggregate net income for the taxable year of $2,000, or over, or an aggregate gross income for such year of $5,000 or over, each may make such a return of their income or it may be included in a single joint return, in which case the tax shall be computed on the aggregate income. Article 401 of Regulation 62, approved February 15, 1922, provides for the computation of a tax upon the aggregate income when a joint return is filed, but makes no provision for later filing separate returns. There is no affirmative provision of the statute or regulation permitting a later change to separate returns.

The action of the Commissioner was within the statute, as were the regulations made thereunder. Denying this taxpayer the requested leave to file an amended return was within the requirements of the statute, and lawful. Buttolph v. Commissioner, etc. (C. C. A.) 29 F.(2d) 695; Grant v. Rose (D. C.) 24 F.(2d) 115; Union Pacific R. Co. v. Bowers (C. C. A.) 24 F.(2d) 788; Rose, etc., v. Grant, 39 F.(2d) 340 (5th Circuit, filed March 19, 1930).

Order affirmed.