## ANDERSON v. UNITED STATES.
### No. 5923.

Circuit Court of Appeals, Fifth Circuit.
April 10, 1931.

Harry C. Weeks, of Wichita Falls, Tex. (Weeks, Morrow, Francis & Hankerson, of

Wichita Falls, Tex., on the brief), for appellant.

Norman A. Dodge, U. S. Atty., of Fort Worth, Tex., and Wright, Matthews, Sp. Atty. Bureau of Internal Revenue, and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, both of Washington, D. C., for the United States.

Before BRYAN and FOSTER, Circuit Judges, and DAWKINS, District Judge.

FOSTER, Circuit Judge.

Appellant brought suit to recover certain income taxes, paid under protest, amounting to about $2,500, and appeals from an adverse judgment. There is no dispute as to the material facts, which may be briefly stated as follows:

In 1919 plaintiff closed out an insurance business, conducted by the partnership of Anderson & Patterson of which he was a member, and retired with a considerable amount of money, how much is not shown. He became interested in the Lone Star Stone Company, a corporation engaged in supplying crushed stone suitable for road building. The Lone Star Company did not prosper. Appellant made loans to it of about $25,000, and paid interest for the company amounting to over $3,700. A receiver was appointed to the Lone Star Company and appellant advanced the receiver $7,300. Later on he became a member of a partnership known as the Chico Stone Company which took over the business of the Lone Star Company. This venture also proved unprofitable, and appellant lost about $8,200. The total losses on appellant's venture into crushed stone were approximately $80,000. In making his returns for 1923 these losses were deducted, with the result that there was no taxable income. He then sought to carry over these losses into the returns for the years 1924 and 1925 as net losses, so that his returns for those years also showed no taxable income. After an audit of his books, the Commissioner determined taxable income for the year 1924 of $2,157.62 and for 1925 of $424.48.

Section 204 (a) of the Revenue Act of 1921 (42 Stat. 231) defines net losses that may be deducted in the two subsequent years as "only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer." This definition is adopted by the Revenue Act of 1924 and subsequent acts.

■ It is apparent that the net loss sought to be deducted by appellant did not result from the operation of any trade or business regularly carried on by him. It is evident that Congress intended to give relief to persons engaged in an established business for losses incurred during a year of depression in order to equalize taxation in the two succeeding more profitable years. It was not intended to apply to isolated or occasional losses such as here shown. Why the same privilege was not accorded to all taxpayers is a matter that addresses itself to Congress and not to the courts. The definition cannot be stretched to cover the case before us. Appeal of Harrington, 1 B. T. A. 11; Rogers v. U. S. (Ct. Cl.) 41 F.(2d) 865; Lederer v. Cadwalader (C. C. A.) 274 F. 753, 18 A. L. R. 411; Woods v. Lewellyn (D. C.) 289 F. 498.

■ In making out his returns no attempt was made to separate income and losses between appellant and his wife, and only one return was made. However, in filling out a questionnaire incorporated in the return, in answer to the question, "Is this a joint return of husband and wife?" he answered, "No," and to the question, "Were you married and living with husband or wife on the last day of your taxable year?" he answered, "Yes." Based on this, appellant contends that the tax liability should have been computed separately as to himself and his wife by virtue of the community laws of Texas.

Section 223 (b) of the Revenue Act of 1924 (26 USCA § 964) provides that a husband and wife living together may each make a return or the income of each may be included in a single joint return, in which case the tax shall be computed on the aggregate income. The questions and answers could not control the character of the returns, which were in the form of a single return, signed by himself and not by his wife. Appellant having elected to make a joint return, the Commissioner was under no obligation to change it and divide it into two separate returns. The mere fact that it was disclosed that appellant was living with his wife in a community property state was not sufficient data upon which to divide the return equally. For all the Commissioner knew, the income might have been largely the separate income of the husband or wife or not community income at all. The contention is untenable. Rose v. Grant (C. C. A.) 39 F.(2d) 340; Morris v. Commissioner (C. C. A.) 40 F.(2d) 504; Buttolph v. Commissioner (C. C. A.) 29 F.(2d) 695.

■ Appellant has failed to sustain the burden of overcoming the prima facie correct-

ness of the Commissioner's determination. Avery v. Commissioner (C. C. A.) 22 F.(2d) 6, 55 A. L. R. 1277.

The record presents no reversible error. Affirmed.