**SAFETY ELECTRIC PRODUCTS CO., Inc., v. HELVERING, Commissioner of Internal Revenue.**

No. 7240.

*Circuit Court of Appeals, Ninth Circuit.*
April 13, 1934.

M. F. Mitchell and George G. Witter, both of Los Angeles, Cal., for petitioner.

Sewall Key and Francis H. Horan, Sp. Assts. to Atty. Gen., for respondent.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

GARRECHT, Circuit Judge.

The facts, stipulated to, were found by the board to be as follows:

"The petitioner [Safety Electric Products Company] is a California Corporation. The Woodill and Hulse Electric Company, Inc., and the Motor and Machinists Supply Company are also corporations organized under the laws of California.

"From January 1, 1926 to October 1, 1926, the stock ownership of these three companies was such as to permit the filing of a consolidated return under Section 240 of the Revenue Act of 1926 (See sixty day letter attached to Petition). During this latter period 99.81 per cent of the stock of the Motor and Machinists Supply Company was owned by the Woodill and Hulse Electric Company, Inc.

"For the year 1926 the Safety Electric Products Company, Inc., and the Woodill and Hulse Electric Company, Inc., filed an original consolidated return. On that return on Affiliations Schedule No. 3, attached to the return, the following explanatory notation was made:

"'For the calendar year 1925, Woodill and Hulse Electric Co., Inc., filed a separate return, because as explained on the schedule attached to that return, there was a change in ownership. Due to non-fulfillment of contract, it was necessary to again take back the business of Woodill and Hulse Electric Co., Inc., and accordingly their status is now affiliated with that of the Safety Electric Products Co., Inc., just as it was in 1924.

"'It was also the intention to file an affiliated return with the Motor & Machinists Supply Company, but the Department recently objected to filing the Motor and Machinists Supply Company as an affiliated corporation for the year 1925, and accordingly the data as to that company is not included in this consolidated return.'

"In accordance with the above notation, the Motor and Machinists Supply Company for the year 1926, whose stock to the extent of 99.81 per cent was owned by the Woodill and Hulse Electric Company, Inc., filed an original separate return.

"Subsequently, to-wit on the 20th day of February, 1929, the Motor and Machinists Supply Company, the Safety Electric Company, Inc., and Woodill & Hulse Electric Company, Inc., filed a consolidated return for the period from January 1, 1926 to October 1, 1926 and the Motor and Machinists Supply Company filed an amended separate return for the period from October 1, 1926 to December 31, 1926."

The Board of Tax Appeals held that the action of the Motor & Machinists Supply Company was an election to file a separate return and that petitioner was bound by that election. This allegedly deprived petitioner of the right to include a loss of $70,307.40, sustained by the Woodill & Hulse Electric Company, Inc., and was the cause of an additional tax assessment in the sum of $4,092.22.

The question involved is whether the action of the subsidiary in filing a separate return was, under the agreed facts, such an election as to require that the parent corporation also file a separate return.

In the instant case, the return was entitled, under section 240 of the Revenue Act of 1926, amended 1928 (26 USCA § 993), to be filed either as an affiliated return or as a separate return. The cases are to the effect that the option is exercised by the filing of the return. Alameda Inv. Co. et al. v. McLaughlin, Collector (C. C. A.) 33 F.(2d) 120; Buttolph v. Com'r (C. C. A.) 29 F.(2d) 695; Grant v. Rose (D. C.) 24 F.(2d) 115, 118, affirmed (C. C. A.) 39 F.(2d) 340.

Petitioner claims that it had no choice since the Department the year before "objected to filing the Motor and Machinists Supply Company as an affiliated corporation for the year 1925," and that its failing to file a consolidated return was compulsory and not voluntary. The objection of the Department has no binding effect in a court of law [United States v. Hurst (D. C.) 2

F.(2d) 73], besides, as the year in question was a different year from that in which objection was made, the appellant should have availed itself of the right to question the Department's objection by insisting upon filing a consolidated return. The mere objection of the Department did not have the effect of a mandatory regulation as in case of Pictorial Review Co. v. Helvering (App. D. C.) 68 F.(2d) 766. An affiliated group can file a consolidated return only where all are joined, one member may not file separately and the others join as affiliates—all must be affiliated or all must be separate. Therefore, where one member of a group entitled to file an affiliated return under section 240 of the Revenue Act files a separate return all are bound by that return.

"＊  ＊  ＊ Accordingly it was the right of appellant (petitioner), if affiliated, to file a consolidated return if it so elected, and to appeal to the Board of Tax Appeals and to the courts for a judicial determination of its rights. ＊ ＊ ＊" Radiant Glass Co. v. Burnet, Com'r, 60 App. D. C. 351, 54 F.(2d) 718, 719.

Having made its election or choice, the petitioner is bound thereby and cannot afterwards change. Moran v. Com'r (C. C. A.) 67 F.(2d) 601 (citing Radiant Glass Co. Case, supra).

The decision of the Board is accordingly affirmed.