## UNITED STATES v. PETTIGREW.

### No. 7693.

Circuit Court of Appeals, Ninth Circuit.

Jan. 27, 1936.

Frank J. Wideman, Asst. Atty. Gen., James W. Morris, Sp. Asst. Atty. Gen., and Norman D. Keller and F. E. Youngman, Sp. Assts. to the Atty. Gen., and H. H. McPike, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., for the United States.

John C. Altman and Richard S. Goldman, both of San Francisco, Cal., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

DENMAN, Circuit Judge.

The government appeals from a judgment in favor of appellee, Percy Pettigrew, for the sum of $3,424.99, the same being income taxes alleged to be illegally and erroneously assessed for the year 1928. The facts are not in dispute and may be briefly summarized as follows:

Plaintiff, Pettigrew, on March 15, 1929, returned a net income for 1928 of $78,780.93. Of this total $1,215 represented fees and salary paid plaintiff in return for personal services rendered as a corporation director. The balance represented profits resulting from plaintiff's dealings in securities and was attributable to both capital and personal services. The court found that personal services were

responsible for $39,926.87 of the balance, over and above the $1,215 item.

Plaintiff's wife, Laura Doe Pettigrew, received no income during 1928 other than community income earned by her husband, and made no separate return. On the return filed by plaintiff, in answer to the form query "Is this a joint return of husband and wife?" appeared the taxpayer's notation, "See Rider Attached." The attached rider, sent in with the return, was as follows:

"Notice.

"Commissioner of Internal Revenue, Washington, D. C., and Collector of Internal Revenue, San Francisco, California.

"Sirs: This return reflects the combined income of Percy L. Pettigrew and Laura Doe Pettigrew, husband and wife, both domiciled in the State of California during the entire taxable year 1928.

"In filing a joint return at this time these taxpayers wish it to be specifically of record that they do not exercise a binding election to file a joint return of Community Income. With the exception of salaries herein reported, whatever Community Income may have been received during the year was received as the result of the employment of both personal services and capital, and until rules and regulations are prescribed by the Bureau of Internal Revenue and by the Courts under which taxpayers may determine the portion of their income earned after July 29, 1927, which they are entitled to treat as Community income under the laws of the State of California and report separately, no opportunity has been afforded them to choose between a joint and separate return. The right is therefore reserved to amend this return at a later date substituting therefor separate returns of husband and wife and to have any excessive tax paid as the result of filing this return refunded.

"Percy L. Pettigrew
"Laura Doe Pettigrew
"By Percy L. Pettigrew,
    "As Agent in Absence of Taxpayer."

The taxpayer contends that because a Treasury Decision for a prior tax act in effect forbade the filing of a separate return dividing California community income, he should be permitted to file his joint return under the 1928 Act (section 51 (b) (2), 26 U.S.C.A. § 51 (b) (2)

with a reservation of a right to amend by making a separate return on the basis of his half interest in his personal service earnings. The separate return for which reservation was made was never filed, taxpayer instead filing a claim for a refund.

Up to the revision of the California community property law by the state legislative act of July 29, 1927 (Cal.Civil Code 161a), taxpayers' earnings were not income belonging one-half to each of the spouses under the federal taxing statutes. U. S. v. Robbins, 269 U.S. 315, 325, 46 S.Ct. 148, 70 L.Ed. 285. That act created an immediate interest in each spouse in the earnings of the other, thereafter received. From the time of that enactment taxpayer was entitled to file a return of but half the community income of subsequent personal earnings.

Taxpayer here had from July 29, 1927, until March 15, 1929, to advise himself of the condition of the law of his domicile. If he had any doubt in his own mind he should have resolved it in favor of a return containing his half of the community earnings. Had he attempted to file such a return and the Treasury Department refused to accept it, his case might present different considerations. Not only is no such refusal to accept a separate return (with its implied coercion to file a joint return) shown in the record, but it does not appear that he even inquired of the collector's agents whether he could file it.

The cases cited by taxpayer, in which, under exceptional circumstances, amended returns have been allowed, have no application. Here the taxpayer had abundant time to inform himself as to the community property law, failed to do so, and chose to file a joint return.

The Commissioner's contention that having, in the circumstances of this case, exercised his option to file a joint instead of a separate return, he cannot claim a refund on the basis of a separate return calculation dividing the earnings of the community, must be sustained. Safety Electric Products Co. v. Helvering (C.C.A.9th) 70 F.(2d) 439, 440; Buttolph v. Commissioner of Int. Rev. (C.C.A.) 29 F.(2d) 695, 696; Lucas v. St. Louis National Baseball Club (C.C.A.) 42 F.(2d) 984; Rose v. Grant (C.C.A.) 39 F.(2d) 340, 341; Morris v. Commissioner of Int. Rev. (C.C.A.) 40 F.(2d) 504; Alameda

668

Investment Co. v. McLaughlin (C.C.A.9th) 33 F.(2d) 120; Anderson v. U. S. (C.C.A.) 48 F.(2d) 201, 202; Radiant Glass Co. v. Burnet, 60 App.D.C. 351, 54 F.(2d) 718, 719.

Reversed.