ROSA ORINO, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

SAM ORINO, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 76210, 76211. Promulgated June 26, 1936.

*Don F. Kizer, Esq.*, for the petitioners.
*P. A. Bayer, Esq.*, for the respondent.

728

## OPINION.

McMahon: The question presented is whether the respondent erred in including in petitioners' taxable incomes the amount of the retained percentages under the contracts. The parties apparently are agreed

that whatever income is taxable to the petitioners is taxable equally to each as community income. The stipulated facts show that the petitioners reported their income from the contracts on the basis of the percentage of completion of the contracts. Sections 41 and 42 of the Revenue Act of 1928, which deal with methods and periods of accounting, are set forth in the margin.[1]

We find it unnecessary to decide, and specifically do not decide, the question of whether these contracts were long term contracts within the meaning of the applicable regulations, article 334, Regulations 74.[2] Such regulations do not require a taxpayer to return income from long term contracts on either of the bases provided therein, but permit him to do so. If we were to assume in the instant proceedings that the contracts in question are long term contracts within the meaning of the regulations, the petitioners having elected to return income therefrom on the basis of percentage of completion of contracts and no change therefrom having been sought so far as the record shows, the result would be in accord with the determination of the respondent, since under this basis of returning income the full percentage is to be returned in any particular year even though actual payment of a balance due is not made until a later year. *Vansant* v. *Crooks*, 43 Fed. (2d) 166; appeal dismissed in *Crooks* v. *Vansant*, 49 Fed. (2d) 1075; and *J. L. Allhands*, 10 B. T. A.

---

[1] SEC. 41. GENERAL RULE.

The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income. the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income.   *   *   *

SEC. 42. PERIOD IN WHICH ITEMS OF GROSS INCOME INCLUDED.

The amount of all items of gross income shall be included in the gross income for the taxable year, in which received by the taxpayer, unless, under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period.

[2] ART. 334. *Long-term contracts.*—Income from long-term contracts is taxable for the period in which the income is determined, such determination depending upon the nature and terms of the particular contract. As used herein the term "long-term contracts" means building, installation, or construction contracts covering a period in excess of one year. Persons whose income is derived in whole or in part from such contracts may, as to such income, prepare their returns upon the following bases:

(a) Gross income derived from such contracts may be reported upon the basis of percentage of completion.   *   *   *   If, upon completion of a contract, it is found that the taxable net income arising thereunder has not been clearly reflected for any year or years, the Commissioner may permit or require an amended return.

(b) Gross income may be reported in the taxable year in which the contract is finally completed and accepted if the taxpayer elects as a consistent practice so to treat such income, provided such method clearly reflects the net income.   *   *   *

Where a taxpayer has filed his return in accordance with the method of accounting regularly employed by him in keeping his books and such method clearly reflects the income, he will not be required to change to either of the methods above set forth.   *   *   *

[See *Uvalde Co.*, 1 B. T. A. 932; *R. G. Bent Co.*, 26 B. T. A. 1369; but see also *Fort Pitt Bridge Works*, 24 B. T. A. 626.]

1089.[3] If we were to assume that these contracts are not long term contracts within the meaning of the regulations, the result would still remain the same, as will be immediately pointed out.

The stipulation shows that petitioners' books were kept on the accrual basis and that in 1931, following their custom of former years, the petitioners set up on their books the amounts retained by the Government as well as the amounts received in cash. Thus the "method of accounting regularly employed in keeping the books" was in accord with the method which the respondent determined was the proper method of returning the income. Section 41 of the Revenue Act of 1928 provides that the net income shall be computed in accordance with the method of accounting regularly employed in keeping the books of the taxpayer, unless, among other things, the method employed does not clearly reflect the income. Here the respondent has held that this method does clearly reflect income. His determination has the support of a presumption of correctness and the petitioners have the burden of proving it to be wrong. *Welch* v. *Helvering*, 290 U. S. 111. The petitioners have not shown that this method does not substantially and clearly reflect their income.

The petitioners contend that it does not and point to the fact that it ultimately developed, in 1934, that they received $1,000 less than the contract price under contract No. 28–B, due to a set-off of claims of the Government against them for a loss from a fire alleged to have been due to negligence of Sam Orino. However, this does not show that petitioners' system of returning income does not clearly reflect income for 1931, the only year before us. The set-off in 1934 of $1,000 against the amount due the petitioners for 1931 does not, for income tax purposes, affect the question of the amount of income accruable by the petitioners for 1931. That is a separate transaction for tax purposes. The petitioners, by relinquishing in 1934 their right to receive $1,000 of the contract price accrued by them for 1931, secured a release from liability on account of the fire alleged to have been due to the negligence of petitioner Sam Orino. The transaction was in effect the same as if petitioners had received the $1,000 in 1934 and then paid it out for the release, which was the consideration for the $1,000. Whether such amount might be deductible from gross income for the year 1934 when paid, or even for some other year, it is unnecessary for us to here decide. No claim is made that it is deductible in the year before us.

Nor does the fact that work has to be re-done sometimes on contracts generally affect the question here presented. There is no

evidence to show that any of the work under any of the contracts in question herein had to be re-done. Furthermore, we may not indulge in a presumption that the petitioners did not do the work under the contracts according to specifications or that any of it had to be re-done.

We hold that the petitioner has not shown that the respondent erred in his determination of the tax liability of the petitioners for the year 1931.

In the view we have taken it becomes unnecessary to consider the alternative affirmative allegations of the respondent.

*Decision will be entered for the respondent.*