## ROSS B. HAMMOND, Inc., v. COMMISSIONER OF INTERNAL REVENUE.
### No. 8776.

Circuit Court of Appeals, Ninth Circuit.
June 20, 1938.

Robert T. Jacob, of Portland, Or. (G. Bernhard Fedde, of Portland, Or., of counsel), for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewell Key, Norman D. Keller, Joseph M. Jones, and Berryman Green, Sp. Assts. to Atty. Gen., for respondent.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

DENMAN, Circuit Judge.

This is a petition by taxpayer, Ross B. Hammond, Inc., a corporation, to review a decision of the United States Board of Tax Appeals which sustained the Commissioner's determination of a deficiency in taxpayer's income and excess profits taxes paid for the year 1933.

The taxpayer is engaged in the business of building construction. A portion of its income was derived from construction contracts requiring more than one year to complete. For the years 1929-1931, inclusive, taxpayer reported income from such long-term contracts on the "completed contract" basis; that is income was reported only in the year of ultimate completion of a contract, rather than being reported each year upon the percentage of completion of such year. Taxpayer was given the choice of these two methods under Treasury Regulations 74, promulgated February 15, 1929, and in force until February 10, 1933:

"Art. 334. Long-Term Contracts.—Income from long-term contracts is taxable for the period in which the income is determined, such determination depending upon the nature and terms of the particular contract. As used herein the term 'long-term contracts' means building, installation, or construction contracts covering a period in excess of one year. Persons whose income is derived in whole or in part from such contracts may, as to such income, prepare their returns upon the following bases:

"(a) Gross income derived from such contracts may be reported upon the basis of percentage of completion. In such case there should accompany the return certificates of architects or engineers showing the percentage of completion during the taxable year of the entire work to be performed under the contract. There should be deducted from such gross income all expenditures made during the taxable year on account of the contract, account being taken of the material and supplies on hand at the beginning and end of the taxable period for use in connection with the work under the contract but not yet so applied. * * *

"(b) Gross income may be reported in the taxable year in which the contract is finally completed and accepted if the tax-

payer elects as a consistent practice so to treat such income * * *."

Article 322 of Regulations 74 provided:

"* * * If for any reason the basis of reporting income subject to tax is changed, the taxpayer shall attach to his return a separate statement setting forth for the taxable year and for the preceding year the classes of items differently treated under the two systems, specifying in particular all amounts duplicated or entirely omitted as the result of such change.

"A taxpayer who changes the method of accounting employed in keeping his books for the taxable year 1938 or thereafter should, before computing his income upon such new basis for purposes of taxation, secure the consent of the Commissioner. Application for permission to change the basis of the return shall be made at least 30 days before the close of the period to be covered by the return and shall be accompanied by a statement specifying the classes of items differently treated under the two systems and specifying all amounts which would be duplicated or entirely omitted as a result of the proposed change."

In its return for the year 1932 the taxpayer reported as income the total profit on one long-term contract begun in 1931 and completed in 1932, plus a portion of the estimated profit on a long-term contract begun in 1932, but not completed during the year. Nowhere in its 1932 return did taxpayer state that it was reporting income from one of its contracts on the percentage of completion basis under Art. 334(a).[1]

The 1932 return showed a net loss. Income from construction contracts was reported as a lump sum, and $17,000 of this income was found, not by any statement of the taxpayer, but by an audit of the Internal Revenue Bureau, to be a partial profit from the 1932-1933 contract based on percentage of completion in 1932. There were no certificates of architects or engineers as to the percentage of completion in 1932 as required by Art. 334(a). There was no compliance with the requirements of Art. 322, supra, that a change in the methods of accounting must be with the consent of the Commissioner, after application made within 30 days before the close of the period to be covered by the return; or the require-

---

[1] We are assuming for this discussion (but not deciding) the contention of the taxpayer that its 1932 return was governed by Regulations 74 and not by the comparatively stricter provisions of Regulations 77, issued to the public on February 27, 1933.

ment, specifically mandatory, that the taxpayer "*shall*" deliver to the Commissioner "a statement specifying the classes of items differently treated under the two systems," etc.

The 1932 return was audited by an Internal Revenue agent who, in November, 1933, prepared a report to the Department pointing out that taxpayer had used the percentage of completion basis for one long-term contract in 1932. The report indicated that this was erroneous, no consent to a change having been secured, and advised that $17,000 of the reported income be eliminated and the net loss shown in the return be increased by that figure. This report was not sent to taxpayer nor did taxpayer have any knowledge of it.

On December 15, 1933, the Internal Revenue agent in charge of the Seattle Division wrote taxpayer re 1932 income tax return:

"Sirs:

"This office is recommending to the Commissioner of Internal Revenue that your income tax returns for the year or years indicated be accepted as correct.

"I am sure you will appreciate that this action is subject to approval in Washington, and also that should subsequent information be received which would materially change the amount reported, the Bureau is obliged under existing laws to redetermine your tax liability.

"Respectfully,

"Geo. C. Earley".

The taxpayer took no further steps to comply with Regulations 74 or 77, but reported all his income for 1933 on the percentage of completion basis.

Subsequently the Commissioner determined a deficiency in the 1933 income amounting to $17,000 which sum, he ruled, being a portion of the income from the long-term contract begun in 1932 and completed in 1933, was taxable on the completed contract basis all in 1933.

The taxpayer resists this determination on the grounds **(1)** that his 1932 return, reporting a portion of income on the percentage of completion basis, effectively changed his basis of reporting from completed contract to percentage of completion basis; and (2) that in any event the Commissioner consented to such a change or waived any right he might have to object to it for noncompliance with the requirements of the regulations.

We agree with the Board of Tax Appeals that the Commissioner's determination of deficiency was correct.

(1) The requirements of Regulations 74 governing the reporting of income from long-term contracts according to the percentage of completion basis and the prerequisites for changing from one basis to another, including the advance consent of the Commissioner, are clearly mandatory. Admittedly the taxpayer did not comply with them.

(2) If, as taxpayer contends, the Commissioner later consented to the change of basis, he would rightly be held to have waived the requirements laid down in the regulations. We find no such consent or waiver. The letter of the agent in charge, quoted above, was careful to point out that its recommendations were subject to approval in Washington. It is admitted that no such approval was ever expressly given.

Nor can the Commissioner's silence for a period of two years following taxpayer's receipt of the agent's letter be deemed an implied consent to a change in the basis of reporting long-term contract income. Taxpayer's liability for the year 1932 was nil regardless of whether or not its reported $17,000 income on the percentage of completion basis in that year. Hence, its tax liability for that year was not affected and there was no reason for it to assume that the Commissioner's silence indicated an approval of one theory or another when neither theory would yield any revenue.

Affirmed.