## SAUNDERS v. UNITED STATES.*
### No. 8929.

Circuit Court of Appeals, Fifth Circuit.
Jan. 23, 1939.

W. H. Harris, of Fort Valley, Ga., and W. Terry Gibson, of West Palm Beach, Fla., for appellant.

Paul R. Russell, Sp. Asst. to Atty. Gen., Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Harry G. Taylor, Sp. Asst. to U. S. Atty., of Miami, Fla., for the United States.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal involves appellant's income tax for the calendar year 1925. She seeks to recover part of the amount paid by her for that year.

The district court held that it had no jurisdiction because the suit was not filed in time; that, if timely filed, appellant was not entitled to rescind her original election to report the gain on an installment basis; and that, if wrong on both of these issues, nevertheless, appellant was not entitled to recover because she had not proven her case on the merits. No formal opinion was handed down, but findings of fact and conclusions of law were made and entered by the trial court. The material facts, as found by the court, are as follows:

On March 15, 1927, appellant filed her income tax return for 1925. She reported the receipt of $30,000 cash, which included the sum of $23,351.12 as profit in connection with the sale of certain real estate for a total price of $400,000. The amount of profit was computed upon the installment basis, and represented 77.84 per cent of the cash received, since the cost of the property sold amounted to 22.16 per cent of the contract selling price.

On May 3, 1927, appellant filed an amended return for 1925, revising the computation of profit from real estate and eliminating the profit item of $23,351.12 reported from the sale of real estate on which she had received $30,000 in cash; in the amended return it was contended that the obligations received from the purchaser of the real estate had no fair market value, and that the cash received should be considered a recovery of part of the cost of the property amounting to $88,651.69. On May 3, 1927, a claim for refund of $4,168.89 was filed. After investigation, the Commissioner allowed a refund of $516.33, and in June, 1928, this amount with interest was refunded. On March 11, 1931, a petition was filed in the court below; but a copy thereof was not served upon the United States Attorney for the District of Florida until March 14, 1932, nor upon the Attorney General of the United States until March 7, 1932. Counsel for appellant conceded in the court below that the instant suit should be deemed to have been begun in March, 1932.

In 1925, appellant received $10,000 from the original purchaser, and released him from his contractual obligation to pay the balance of the purchase price. She also received the remainder of the 1925 installments, in the sum of $20,000, from the Northwood Investment Company, with which corporation she had entered into another contract to sell the same property. No evidence of the value of the property sold was introduced, and the only evidence in the record that the purchaser's promise

*Rehearing denied Feb. 27, 1939; second petition for rehearing dismissed March 10, 1939.

134

to pay the remainder of the purchase price had no fair market value was that of one witness who limited his opinion to the statement that the promise had no value on account of the obligations of the purchasers.

 Assuming, contrary to our view, that the court below was wrong on the other two issues decided by it, we think the case should be affirmed on the merits, since there was no evidence to support the contention of appellant that the obligations of the purchasers of the real estate had no fair market value. Even though the personal liability of the successive purchasers added nothing to their value, it is obvious that the notes were worth something by reason of the real estate which secured them. The instant property cost appellant $88,651.69 in 1923, which was long before the increase in real estate values due to the boom. The trial court heard the witnesses, and concluded that the obligations of the purchasers were worth not less than $82,002.81. There was evidence to support this finding, and since the $30,000 cash must be added to the fair market value of the obligations, we have a total selling price, under the alternative method of reporting real estate sales, of $112,002.81. This leaves a gain of not less than $23,351.12, the sum taxed by the Commissioner.

The judgment of the district court is Affirmed.