**BINDER et al. v. WELCH, Former Collector of Internal Revenue.**

**McLACHLEN v. SAME.**

**JOHNSON v. SAME.**

Nos. 9139–9141.

Circuit Court of Appeals, Ninth Circuit.

Nov. 27, 1939.

Claude I. Parker, Bayley Kohlmeier, J. Everett Blum, and Harriet A. Geary, all of Los Angeles, Cal., for appellants.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, F. E. Youngman, and David A. Armstrong, Sp. Assts. to Atty. Gen., and Ben Harrison, U. S. Atty., and E. H. Mitchell, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Three actions were begun in the District Court to recover alleged overpayment on 1927 income taxes. An identical issue of law was presented by these three actions, hence they were consolidated for trial, and a separate judgment was entered in each case for the defendant and against the plaintiffs for costs. Plaintiffs appeal and present their cases through consolidated briefs and oral arguments.

The plaintiffs in each separate case for all of the time herein concerned were husband and wife living together as such in California. Prior to March 15, 1928 they filed returns to the Government for the purpose of having their income tax for 1927 determined. Each return was signed by the husband and was a return of all of the income received by the community for the year 1927. The answer to the question at the top of each return "Is this a joint return of husband and wife?" was "Yes." However, attached to each return and signed by the husband was a rider reading as follows:

"Explanatory Statement and Protest.

"The undersigned states that the attached return is being filed as a joint return of husband and wife with respect to income arising from community property or earnings, for the reason that, upon making due inquiry of the Internal Revenue Bureau, he has been informed that the Commissioner of Internal Revenue has not yet issued a ruling permitting a husband and wife domiciled in the State of California to file separate returns accounting for such community income.

"It is to be understood, however, that in filing such a joint return the right is reserved to later file separate returns and claim a refund for any tax which may be overpaid for the taxable period covered by this return, in the event it shall be finally determined that community income may be accounted for on separate returns, in view of the amendment to Section 161(a) [161a] of the Civil Code of California enacted by the California Legislature on April 29 [28] 1927, which amendment was effective July 28, 1927."

No other return was ever made or tendered.

It will be remembered that Section 161a of the California Civil Code, referred to in the above quoted "Explanatory Statement and Protest", became effective July 29, 1927, and that this statute declared that the wife's interest in community property was a "present existing and equal right" with that of the husband therein. The returns all related to personal earnings of the husbands for the year 1927. The plaintiffs contend that they were therefore entitled to file returns wherein the interests of the husbands and the wives might be separately stated for separate taxation purposes for the period following the effective date of the cited statute. There is no dispute as to this, but the point at issue is whether the taxpayers, having filed joint returns of their income may now require a computation of their separate tax liability on the basis of their separate income and recover the difference between the amount thus computed and the amounts shown to be due and paid on the joint returns filed.

Essentially these cases are so nearly the same as United States v. Pettigrew, 9 Cir., 1936, 81 F.2d 666, and O'Rourke v. Commissioner, 9 Cir., 1936, 81 F.2d 668, that we do not deem it useful to

analyse them in detail. It is said in the Pettigrew case, 81 F.2d at page 667: "Taxpayer here had from July 29, 1927, until March 15, 1929 [the date the return was made], to advise himself of the condition of the law of his domicile. If he had any doubt in his own mind he should have resolved it in favor of a return containing his half of the community earnings." It was then held that the taxpayer was bound by his election to file a joint return.

Appellants insist, however, that the cases before us are not comparable to the Pettigrew case, and point to the language of this court immediately following the above quotation, 81 F.2d at page 667: "Had he attempted to file such a return and the Treasury Department refused to accept it, his case might present different considerations. Not only is no such refusal to accept a separate return (with its implied coercion to file a joint return) shown in the record, but it does not appear that he even inquired of the collector's agents whether he could file it." The record discloses certain conversations between the attorneys for appellants and deputy collectors, which appellants contend bring the instant cases within the exception which they argue is set forth in the last quoted excerpt from the Pettigrew case.

Beyond the fact that the language quoted does not establish an exception (the language being that different considerations "might" be presented) it seems clear that the instant cases do not fall within the situation which the court had in mind in the Pettigrew case.

As stated above, the taxpayers never tendered or attempted to file separate returns either for the husbands or wives. As to the conversations had with the deputy collector, the following appears:

Forest W. Monroe, Deputy Collector of Internal Revenue for the Sixth District of California, testified: "In my capacity in the Collector's office during the period January, 1928, to March 15, 1928, I received inquiries from taxpayers or taxpayer's agents relative to whether the husband and wife in California could divide the income received by the husband which had been paid to him for compensation for personal services rendered during the period from July 29, 1927 to December 31, 1927 to file separate returns showing that division of income. My answer to those inquiries was that they could not. I also gave out answers to the question of whether the Collector's office would accept separate returns on which such division was made and my answer to this question was that the husband and wife could not."

Sherman Jones, the attorney for taxpayer, testified:

"* * * I was deputized by the office [of taxpayers' attorneys] to contact the Collector's office relative to the Collector's view on accepting such separate returns. I had a conversation with one of the deputies in the Collector's office. * * * I asked him whether or not the Collector's office was accepting returns of husbands and wives with the earnings of the husband after the period July 29, 1927, divided equally between husband and wife on said return, or whether they were insisting that joint returns of husbands and wives be filed as theretofore. His answer to that question, as I recall it, was that there had been no change in the ruling as to the filing of returns by husband and wife in California by reason of the legislative enactment of the previous year and that we would still have to file joint returns as we had been doing in the past.

"* * * During my conversation with the Collector's office, I raised the point relative to what would happen in the event the taxpayer attempted to file a separate return for the period involved, dividing the income between husband and wife. We were given to understand that those returns would not be accepted and that action would be taken to combine the income on one return."

This at most is but a statement of policy and is not an unequivocal declaration that separate returns would not be received for filing. The fair import of this testimony is that the deputy collector's advice was not that separate returns would not be accepted for filing, but rather that the returns if so filed would be changed by the collector to combine the income on one return. Therefore, it is unnecessary for us to decide what result would follow had there been an unequivocal statement that separate returns would not be accepted for filing. The most that can be said to be shown by the record is a denial of the right to divide the community income. Since no attempt was made by the taxpayers and their wives to file separate returns, and since

there was no actual denial of the right to file separate returns in any event, the cases before us do not differ materially from the Pettigrew case, supra.

There is an additional question presented in connection with one of the cases before us, Carl A. Johnson v. Welch, No. 9141. The claim is that recovery in any event was barred by the statute of limitations at the time his claim was filed. This point it is not necessary for us to consider in view of our decision that the judgments of the District Court in each case should be affirmed.