## COMMISSIONER OF INTERNAL REVENUE v. SAUNDERS.

No. 9816.

Circuit Court of Appeals, Fifth Circuit.

Nov. 10, 1942.

Rehearing Denied Dec. 9, 1942.

HUTCHESON, Circuit Judge, dissenting.

Samuel O. Clark, Jr., Asst. Atty. Gen.; Sewall Key, Helen R. Carloss, Louise Foster, and Bernard Chertcoff, Sp. Assts. to Atty. Gen.; and J. P. Wenchel, Chief Counsel, and J. M. Morawski, Sp. Atty., Bureau of Internal Revenue, both of Washington, D., C., for petitioner.

W. H. Harris, of Fort Valley, Ga., and West Palm Beach, Fla., and W. Terry Gibson, of West Palm Beach, Fla., for respondent.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal involves the income tax of respondent for 1926. The question presented is whether the respondent, having elected to report, on the installment basis, income that was received in 1925 from a sale of real estate in that year, was required by Section 212(d) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 162, to report the second payment from the sale on the same basis in 1926.

In 1925 the taxpayer agreed to sell certain land for $400,000, of which $1,000 was to be paid in cash, $9,000 was to be paid within fifteen days from the time of delivery of the abstract of title, and $10,000 per month for seven months after the closing date. The remainder, of $320,000, was to be paid in four equal annual installments of $80,000. $30,000 was paid on the contract in 1925, as made and later modified, and $40,000 in 1926.

The taxpayer's income tax return for 1926 contained the following statement (R. 25): "In 1926 taxpayer received a principal payment of $40,000.00 of the purchase price of the property sold in 1925 for originally $400,000.00 and price reduced to $320,000.00, but this 1926 payment added to the $30,000.00 received on negotiating the sale in 1925 did not equal the cost of the property, so there was no income to report, the purchaser's obligation being totally without any fair market value, and the property having been repossessed in 1927, and results of repossession to be reported for that year. The interest received in this transaction is reported as income under Item 3 of this return."

In Saunders v. United States, 5 Cir., 101 F.2d 133, we dealt with respondent's income tax for 1925, which involved initial payments aggregating $30,000 from the sale here involved. Therein the district court had held that it had no jurisdiction, because the suit was not filed in time; but that, if timely filed, appellant was not entitled to rescind her original election to report the gain on the installment basis; and that, if wrong on both these issues, nevertheless appellant was not entitled to

recover, because she had not proven her case on the merits. We affirmed the case on the merits, but did not hold that the court below was wrong on the other two issues decided by it.

■ In the case now before us, we agree with the Board that the taxpayer repossessed her property in 1927, but we think the Board erred in failing to hold that the taxable income on the 1926 installment was 77.84 per cent of $40,000, or $31,136, and that the resulting deficiency for 1926 was $4,051.79. The taxpayer, having elected to file her return on one basis, cannot change to another merely for the sake of deriving some reduction of the tax due by her.[1]

The decision of the Board of Tax Appeals is affirmed in part and reversed in part, and the cause remanded to it for further proceedings not inconsistent with this opinion.

HUTCHESON, Circuit Judge (dissenting).

If I could agree with my brothers that the case before the Board of Tax Appeals (now by statute the Court), was the one that the majority has decided, if in short, the Board had decided that the installment method of reporting once begun may be departed from, I should agree with the majority that the Board had erred. It is quite clear, I think, that no such case was presented to, or adjudicated by the Board, and equally clear, therefore, that no such case is before us for decision. The sole issue presented by the Commissioner to the Board and, as the majority agrees, correctly decided by it, against the Commissioner's contention, was whether the contract was closed out and the property repossessed in 1926, and, therefore, the taxpayer received in that year a gain of $40,000, on the full amount of which she should be taxed. In his deficiency letter, the Commissioner stated:

"It is further held by this office that the above contract was not effectively cancelled in 1927, as claimed but on or before October 19, 1926. * * * The profit on the repossession of this property has been computed as follows:

Total received in connection with contract .............. $70,000.00
Reported in 1925 ............. 23,351.12

Profit to be reported in 1926 upon cancellation of the contract .................... $46,648.88"

In his argument before the Board, the Commissioner made this same and only this same contention. It was in his appeal to this court that the Commissioner first raised the point that he now makes that the amounts received in 1926 should have been reported on the installment basis. I recognize that the salutary rule holding the Commissioner to the position taken before the Board is not absolute but may be departed from where justice requires it (Hormel v. Helvering, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037.) It is quite plain, however, that there is no reason here to depart from the rule. The undisputed facts show that, adding to the sums the taxpayer received on account of the contract, the value, $20,000, which the property had when the contract for its sale was cancelled and it was repossessed by Plaintiff, the total value actually received by her was only $1,500 more than her cost. These same undisputed facts show that the taxpayer, under the decision of this court in Saunders v. United States, 5 Cir., 101 F.2d 133, has already paid income tax on a suppositious profit of $23,351.12, and is now being asked under this installment theory to pay taxes on $31,136 more of suppositious but non-existent profits. In these circumstances, the rule that the Commissioner, after losing his contention before the Board, may not change his foot in this court and the Board

---

[1] Pacific National Co. v. Welch, 304 U.S. 191, 58 S.Ct. 857, 82 L.Ed. 1282; Louis Werner Saw Mill Co. v. Helvering, 68 App.D.C. 267, 96 F.2d 539; Marks v. United States, 2 Cir., 98 F.2d 564, certiorari denied, 305 U.S. 652, 59 S.Ct. 245, 83 L.Ed. 422; Elmwood Corp. v. United States, 5 Cir., 107 F.2d 111. Cf. Buttolph v. Commissioner, 7 Cir., 29 F.2d 695; Rose v. Grant, 5 Cir., 39 F.2d 340, certiorari granted, 282 U.S. 821, 51 S.Ct. 28, 75 L.Ed. 733, and dismissed, 283 U.S. 867, 51 S.Ct. 342, 75 L.Ed. 1471; Lucas v. St. Louis National Baseball Club, 8 Cir., 42 F.2d 984; Anderson v. United States, 5 Cir., 48 F.2d 201; Radiant Glass Co. v. Burnet, 60 App.D.C. 351, 54 F.2d 718; Dr. Pepper Bottling Co. v. Commissioner, 5 Cir., 69 F.2d 768; Ross B. Hammond, Inc. v. Commissioner, 9 Cir., 97 F.2d 545; Riley Inv. Co. v. Commissioner, 311 U.S. 55, 61 S.Ct. 95, 85 L.Ed. 36.

may not be found in error for not deciding a contention not made before it is a good one. The Board's decision was right. It ought to be affirmed. I respectfully dissent from its reversal.