**ANDERSON–DOUGHERTY–HARGIS CO., Inc. v. UNITED STATES.**

No. 29037.

United States District Court
N. D. California, S. D.
Dec. 7, 1950.

George H. Koster, Bayley Kohlmeier, San Francisco, Cal., for plaintiff.

Theron Lamar Caudle, Asst. Atty. Gen., Andrew D. Sharpe, Lyle M. Turner, Spec. Assts. to Atty. Gen., Frank J. Hennessy, U. S. Atty. and C. Elmer Collett, Asst.

U. S. Atty., San Francisco, Cal., for defendant.

HARRIS, District Judge.

Plaintiff corporation seeks to recover a refund in taxes paid in the year 1941. Such refund is due plaintiff if it suffered a net loss in the year 1943. Defendant denies that plaintiff realized a loss in the latter year.

The facts of the case are not in dispute. Plaintiff, a plumbing, heating and sheet metal concern, entered into a contract with the Government for the installation of plumbing, heating, water and sewer installations on the Hanford Engineering Project in Washington. The contract in question was known as a "unit price contract." Plaintiff's low bid per unit constituted the basic element of the total cost of doing the work on an indefinite number of units. Detailed plans and specifications had not been completed and were not available at the time plaintiff bid upon and executed the contract.

The taxpayer commenced work on the project in late August, 1943. Plans and specifications were modified as work progressed and costs increased. From the records maintained by plaintiff, it became evident that the costs per unit were exceeding the unit price.

Plaintiff maintained an accounting system for this particular contract whereby it established on its books monthly losses suffered as work progressed. For the year 1943 plaintiff underwent such a heavy loss that despite profits realized on other contracts, plaintiff showed a deficit of some $90,000. It is this deficit which plaintiff, in a conference with the Bureau of Internal Revenue, sought to apply toward taxes paid in the year 1941 in accordance with Section 122 of the Internal Revenue Code.[1] Defendant disallowed plaintiff's claim.

The Government alleges that plaintiff did not suffer a loss in the year 1943, but rather that it realized its sole and total loss under the contract in the year 1944. Defendant contends that the accounting system used by plaintiff was incorrect and was a modification and change instituted by plaintiff without permission from the Commissioner as required by law. Shoong Investment Company v. Anglim, Commissioner, D.C., 45 F.Supp. 711; Ross B. Hammond, Inc., v. Com'r, 9 Cir., 97 F.2d 545; and other cases.

In analyzing plaintiff's bookkeeping, the Government concedes that plaintiff is on an accrual basis except for lump sum Government contracts. The defendant asserts that the unit price contract which is the subject of the present dispute is more analogous to a lump sum contract than to a cost plus contract. While the latter contract may be handled on an accrual basis, the former must be treated as establishing gain or loss only upon its completion.

Plaintiff takes issue with the Government's accounting contention. Plaintiff argues that a unit price contract extending over several months is *sui generis*. Such a contract falls more closely within the pattern of a cost plus contract than of a lump sum agreement. By keeping careful cost records, plaintiff is able to establish gain or loss on each completed unit. Thus plaintiff is able to maintain accurate profit or loss records for a particular period even though the entire contract is not completed. Such was the case in the present contract. From plaintiff's records, which were checked by C. P. A.'s, loss of income was established for the year 1943. Defendant does not dispute the loss, as reflected by plaintiff's accounting system. The attack is on the system alone.

In addition to challenging plaintiff's bookkeeping methods, the Government also questions the percentage of loss shown for the year 1943 (65%) as contrasted to the lesser percentage reported in 1944 (35%). Burnet v. Houston, 283 U.S. 223, 51 S.Ct. 413, 75 L.Ed. 991; Wickwire v. Reinecke, 275 U.S. 101, 48 S.Ct. 43, 72 L.Ed. 184. Defendant believes such discrepancy is extremely unlikely and casts suspicion on plaintiff. In reply to this argument, plaintiff notes that the sewage work which gave rise to its greatest loss

---

1. 26 U.S.C.A. § 122.

was all but completed in 1943 and thus accounts for the higher percentage of loss reported for that year.

The basic questions for the court's determination are as follows:

1. Did plaintiff maintain a legitimate and proper accounting system which reflected income loss for the year 1943? If the answer is in the affirmative then the further question must be answered:

2. Did plaintiff modify its regular accounting methods without permission from the Commissioner, when it established the system under which it would be entitled to a refund? If this question be answered in the negative then plaintiff is entitled to recover a refund as set forth in the complaint.

There is no decision squarely in point. The Shoong case, supra, sets forth the general rule that the Commissioner must approve modification in maintaining accounting records. Plaintiff concedes the correctness of this rule of law but replies: There has been no change in accounting systems calling for approval of the Commissioner. Thus the Shoong case does not throw light on the facts before the Court as to whether plaintiff actually modified its records.

The present contract was the first of its kind that plaintiff entered into. Bookkeeping methods resorted to would be methods of first instance rather than those of modification. Birkenmeier, 39 B.T.A. 1072. Actually, plaintiff had long functioned on an accrual basis which was, in fact, the bookkeeping technique applied to the instant contract. Orina, 34 B.T.A. 726. Thus, plaintiff did not modify its bookkeeping system.

Only on lump sum contracts had plaintiff maintained books which would reflect the completed records on a fixed sum contract at the conclusion of all requirements under the terms of the contract. Unless the unit price contract for the Hanford job be deemed a lump sum contract or a contract so analogous to a lump sum contract as to be controlled by accounting methods applicable to such a contract, then plaintiff acted with propriety in utilizing the bookkeeping methods which it deemed would most accurately reflect income for such accounting year, Shelly, 2 T.C. 62; Jud Plumbing & Heating, Inc., 5 T.C. 127, 128, which were consistent with its general accounting practices.

From a consideration of the nature of a unit price contract compared to a lump sum contract, the Court concludes that the unit price contract is clearly distinguishable from a lump sum contract and that plaintiff employed a proper technique in utilizing its customary accrual method of accounting in reporting on losses suffered during the year 1943.

Plaintiff's accounting methods on the unit price contract were legitimate ones, consistent with plaintiff's regular accounting practices. As reflected by such bookkeeping practices, it suffered a heavy loss in 1943 which entitles it to recover a refund for the year 1941.

Accordingly, it is ordered that judgment be entered in favor of plaintiff as prayed for, together with costs.

Plaintiff shall prepare Findings of Fact and Conclusions of Law consistent with this Opinion.