RALPH H. and CLARITA F. RIEDEL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
RIEDEL v. COMMISSIONER
Docket No. 9807-76.
United States Tax Court
T.C. Memo 1978-468; 1978 Tax Ct. Memo LEXIS 51; 37 T.C.M. (CCH) 1849-2; November 22, 1978, Filed *51 H and W timely filed a joint Federal income tax return for 1975. After the time for filing a return had expired, they filed separate returns for 1975 because, according to their calculations, such returns would reduce their 1975 tax liability. Held, under such circumstances, the election to file a joint return is irrevocable. Ladden v. Commissioner,38 T.C. 530 (1962), and sec. 1.6013-1(a)(1), Income Tax Regs., followed. Ralph H. Riedel, pro se. Richard W. Kennedy, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $163.67 in the petitioners' Federal income tax for 1975, and the petitioners claimed an overpayment in such tax of $67.14. The parties have settled certain issues. The only issue remaining for decision is whether the petitioners who timely filed a joint return for a taxable year may file separate returns for the same taxable year after the time for filing the separate returns has expired. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, Ralph H. and Clarita F. Riedel, husband and wife, maintained their legal residence in Thousand Oaks, Calif., at the time they filed their petition in this case. They filed their Federal income tax return for 1975 with the Internal Revenue Service Center, Fresno, Calif.
On February 10, 1976, the petitioners filed a joint Federal income tax return for their 1975 taxable year. Such return was audited by the Commissioner, who determined that the deduction for medical expenses *53 should be reduced and the deduction for State disability insurance should be disallowed. On April 14, 1976, the Commissioner sent a correction notice to the petitioners informing them of the adjustments. On May 27, 1976, the petitioners filed separate returns for their 1975 taxable year because, according to their calculations, separate returns would reduce their 1975 tax liability. The time for filing separate returns for 1975 expired prior to May 27, 1976. On September 10, 1976, the Commissioner issued a deficiency notice in which he determined a deficiency of $163.67 based on the petitioners' joint return for 1975 and based on the adjustments in the correction notice. The Commissioner now concedes that the deduction for State disability insurance is allowable and that the petitioners are entitled to a deduction for the expenses of certain educational travel. OPINION The only issue for decision is whether the petitioners can file separate tax returns for 1975 after timely filing a joint return for 1975 and after the time for filing separate returns for 1975 has expired. The petitioners argue that "it's just plain obvious" that they should be permitted to file the separate *54 returns since section 6013(b)(1) of the Internal Revenue Code of 1954[1] permits a husband and wife, who initially filed separate returns, to revoke such election and thereafter file a joint return. The Commissioner argues that the election to file a joint return rather than a separate return is binding once the period for filing separate returns has expired. The law clearly supports the Commissioner's position. Prior to 1951, the law was firmly established that after the expiration of the time for filing returns, the election by spouses to file either a joint return or separate returns was irrevocable. Morris v. Commissioner,40 F. 2d 504 (2d Cir. 1930), affg. 15 B.T.A. 1252 (1929); Rose v. Grant,39 F. 2d 340, 341 (5th Cir. 1930), cert. denied 283 U.S. 867 (1931); Barbetti v. Commissioner,9 T.C. 1097 (1947); Deposit Trust & Savings Bank v. Commissioner,11 B.T.A. 706, 715 (1928); *55 S. Rept. No. 781, 82d Cong., 1st Sess. (1951), 1951-2 C.B. 458, 492; S. Rept. No. 781 (part 2), 82d Cong., 1st Sess. (1951), 1951-2 C.B. 545, 561-563. In 1951, Congress enacted section 312 of the Revenue Act of 1951, 65 Stat. 488 (currently sec. 6013 (b)), which specifically permitted the revocation of an election to file separate returns. In Ladden v. Commissioner,38 T.C. 530, 534 (1962), we were called upon to decide whether the 1951 amendment permits taxpayers to revoke an election to file a joint return, and we held: Thus, Congress for the first time specifically permitted the revocation of an election to file separate returns. At the same time Congress made no change regarding the irrevocability of the election to file joint returns. Congress was aware of the existing law regarding irrevocability of the election to file either separate or joint returns. The inference is persuasive that Congress did not intend to change the law with respect to the irrevocability of the election to file joint returns. We so hold. [Citations omitted; footnote omitted.] See sec. 1.6013-1(a)(1), Income Tax Regs. *56 This holding has been followed on numerous occasions. [2]
Since the petitioners filed a joint return, and since the time for filing timely separate returns had expired prior to filing their separate returns, the election to file a joint return was irrevocable. In view of such conclusion, we need not decide whether the petitioners can allocate their community income and expenses as they proposed to do on their separate returns. To reflect concessions by the parties, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue.↩
2. E.g., Roth v. Commissioner,T.C. Memo. 1977-17; Scott v. Commissioner,T.C. Memo. 1976-340; Wilson v. Commissioner,T.C. Memo. 1970-105; Leger v. Commissioner,T.C. Memo. 1970-36↩.